(113 So. 400)
### SLOSS–SHEFFIELD STEEL & IRON CO. v. KEEFE. (6 Div. 895.)

Supreme Court of Alabama. June 15, 1927.

**Master and servant ⬤⟹398—Employee, failing to give notice of injuries within 90 days, cannot recover, unless employer within such time had actual knowledge (Code 1923, §§ 7568, 7569).**

Where employer was not given notice within 90 days of injury to employee caused by accident arising out of and in course of employment, as required by Code 1923, §§ 7568, 7569, recovery cannot be had by employee, unless employer within such time had actual knowledge of injury.

Certiorari to Circuit Court, Jefferson County.

Proceeding under the Workmen's Compensation Law by Dennis Keefe, claimant, opposed by the Sloss-Sheffield Steel & Iron Company, employer. From a finding and judgment in favor of claimant, the employer brings certiorari. Writ granted and reversed and remanded.

Bradley, Baldwin, All & White, S. M. Bronaugh, and W. M. Neal, all of Birmingham, for petitioner.

Whether there is a total lack of evidence to support a material part of the finding of fact in a case under the Workmen's Compensation Act is a question of law, which the appellate court, looking to the bill of exceptions, will decide on certiorari. Ex parte Sloss Co., 207 Ala. 219, 92 So. 458; Ex parte Woodward Iron Co., 211 Ala. 74, 99 So. 97; Ex parte Big Four Min. Co., 213 Ala. 305, 104 So. 764. The requirement of the Compensa-

tion Act that written notice of an accident be given the employer within 90 days thereafter is mandatory, and a claimant, failing to show such notice or, as a substitute, knowledge on the part of the employer, cannot recover. Code 1923, §§ 7568, 7569; Ex parte Harper, 210 Ala. 134, 97 So. 140; Ex parte Sloss Co., 212 Ala. 699, 103 So. 920; Ex parte Stith Coal Co., 213 Ala. 399, 104 So. 756; T. C. I. Co. v. Pope, 21 Ala. App. 183, 107 So. 735; Id., 214 Ala. 383, 107 So. 736.

Mathews & Mathews, of Bessemer, for respondent.

The bill of exceptions will not be considered, except where the findings of fact are too meager fully to inform the appellate court in regard to some fact essential to petitioner's right of recovery. Gulf States Steel Co. v. Griffin, 214 Ala. 126, 106 So. 899; Ex parte Paramount Coal Co., 213 Ala. 281, 104 So. 753; Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803; Ex parte Woodward Iron Co., 211 Ala. 111, 99 So. 650. The appellate court will not disturb the findings of the trial court, where there is any evidence to support his conclusion. Crowder v. Woodward Iron Co., 211 Ala. 111, 99 So. 651; Ex parte Nunnally, 209 Ala. 82, 95 So. 343; Ex parte Sloss Co., 207 Ala. 219, 92 So. 458.

BROWN, J. Knowledge brought home to the employer within 90 days of the injury to the employee caused by accident arising out of and in the course of the employment, or notice as prescribed by the statute, is an essential element of the employee's cause of action under the Workmen's Compensation Law. Code of 1923, §§ 7568, 7569; Ex parte Stith Coal Co., 213 Ala. 399, 104 So. 756; Ex parte Harper, 210 Ala. 134, 97 So. 140; Ex parte Big Four Coal Mining Co., 213 Ala. 305, 104 So. 764.

It is conceded that the notice prescribed by the statute was not given. The judgment in favor of the plaintiff is based on the conclusion or finding "that the plaintiff received an injury to his eye as a proximate result of an accident arising out of and in the course of his employment *of which the defendant had knowledge.*" The statement of facts made by the trial court, and embraced in the judgment does not sustain the conclusion that the defendant had knowledge of the injury, nor does the conclusion of the court based on the evidence show that such knowledge was brought to the defendant within 90 days from the alleged injury, and, for these reasons, the judgment is erroneous, and must be reversed. Ex parte Woodward Iron Co., 211 Ala. 74, 99 So. 97.

Writ of certiorari granted, reversed, and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.