:[Brock v. Louisville & Nashville R. R. Co.]

# Brock *v.* Louisville & Nashville Railroad Co.

*Action against Railroad Company, as a Common Carrier.*

1. *Pleading and practice; special finding by court; sufficiency thereof.*
Where a cause is tried by the court without the intervention of a jury,
and the parties request a special finding on the facts by the court, as
provided for by statute (Code of 1886, §§ 2743-45), the court must
make a statement in writing of its finding, which statement, with the
judgment rendered thereon, must be entered on the minutes; and a
mere setting out of all the evidence in the cause, conflicting and un-
disputed, as appears in a bill of exceptions, and rendering judgment
thereon, does not constitute a finding of the issues of fact, as required
by the statute.

APPEAL from the Circuit Court of Morgan.
Tried before the Hon. H. C. SPEAKE.
This was an action brought by the appellant, John L.
Brock, against the Louisville & Nashville Railroad Com-
pany, to recover damages for failure of the defendant to
deliver to the plaintiff certain goods which were received
by the defendant as a common carrier for transportation
to the plaintiff.
It is unnecessary to make a detailed statement of the
facts, since the only question reviewed on the present
appeal is sufficiently shown in the opinion.
There was judgment for the defendant from which
the plaintiff appeals, and assigns the rendition thereof
as error.

S. T. WERT, for appellant.

THOS. G. JONES, *contra.*—The judgment below should
be affirmed for several reasons. It appears from the
abstract that both parties requested a special finding in
writing, etc. No special finding was had. What is
called a special finding, is the recital, presumably by the
judge, of the testimony of the different witnesses, wind-
ing up with the statement "judgment for the defendant,
to which plaintiff excepts," &c. The sufficiency of the

evidence to support the finding, cannot be inquired into by this court under such a state of the record.—*Mc-Carthy v. Zeigler*, 67 Ala. 44; *Betancourt v. Eberlin*, 71 Ala. 461; *Quillman v. Gurley*, 85 Ala. 595.

HARALSON, J.—In construing sections 2743, 2744 and 2745 of the Code, we have held that, "Whenever there is a special finding by the court, whether performed in the exercise of its discretion, or upon written request of the parties or either of them, on appeal it is the duty of the court to examine and determine whether the facts are sufficient to support the judgment."— *Sayre v. Weil*, 94 Ala. 470.

In other cases we have held, that "A special verdict must find directly and affirmatively every fact in issue essential to the right of recovery, or judgment upon it cannot be pronounced; it cannot be aided by intendment or by reference to extrinsic facts."—*Betancourt v. Eberlin*, 71 Ala. 465; *Bibb v. Hall & Farley*, 101 Ala. 87.

The cause was tried by the court without a jury. It is stated in the abstract, "There being no jury demanded by either the appellant or appellee, both appellant and appellee requested in writing a special finding on the facts by the court."

At the conclusion of the bill of exceptions, which purports to set out all the evidence in the case, the statement appears: "The foregoing is the substance of all the evidence offered in the cause, and the court having been requested to find on the facts, stated in substance the evidence offered before the court, and found on the facts, and entered judgment for the defendant, and which action of the court the plaintiff assigns as error." The correctness of this statement is questioned in the counter abstract which quotes that part of the bill of exceptions, and refers to the page of the transcript for verification, reference to which reveals the correctness of the language of the counter abstract as quoted, viz.: "This being all the evidence, the court rendered judgment for the defendant, to which action and finding of the court, the plaintiff excepted." A mere setting out of all the evidence in the cause, conflicting and undisputed, as appears in a bill of exceptions, and rendering judgment thereon, does not constitute a finding of the issues of fact as required by the statute. The conclus-

[Brush Electric Light & Power Co. v. City Council of Montgomery.]

ion of the court as to what these facts established, within and responsive to the issues in the cause, was what the court was required to find. The statute also requires the court to make a statement in writing of its findings, which statement, with the judgment, must be entered on the minutes. The requirements of the statute in these respects were not complied with by the court, without which it was not authorized to pronounce the judgment it rendered. Its action in so doing was excepted to, and assigned as error. Its judgment must be reversed and the cause remanded.

Reversed and remanded.