F. R. LONG, W. G. BROADHURST COMPANY, PROSECUTOR, v. BERGEN COUNTY COURT OF COMMON PLEAS AND GEORGE STETTLER.

Submitted February Term, 1913—Decided April 11, 1913.

1. In cases arising under section 2 (elective compensation) of the Workmen's Compensation act (*Pamph. L.* 1911. *p.* 134) the statement of facts as determined by the trial judge, required by section 20, should be specific as to the nature and extent of the injury, so that the reviewing court may be enabled to judge of the propriety of the award as supported by the facts found.
2. The determination of the trial judge required by said section should also set forth in cases where weekly payments are commuted to a lump sum, the basis of award in amount per week and number of weeks; the commuted amount being expressly predicated on such finding.
3. Whether facts supporting commutation to a lump sum should be stated, *quære.*

On *certiorari* to review a judgment (by way of commutation) of $1,000 for personal injury, under the Workmen's Compensation act of 1911. *Pamph. L., p.* 134.

Before Justice PARKER at chambers.

For the prosecutor, *Kalisch & Kalisch.*

For the defendant, *Addison Ely, Jr.*

PARKER, J.   The difficulty in upholding the judgment in this case arises from the absence of any finding of facts by

the Court of Common Pleas, from which the legality of the award by that court can be determined.

The statute does not require the evidence to be sent up; but it does require the "determination" of the Pleas to "contain a statement of facts as determined by said judge." Section 20. No doubt this court, following the usual practice, would call for the evidence if a finding of fact were challenged as without any evidence to support it; but that is not necessary to consider at present. What is before me is a paper purporting to be the required statement of facts as determined by the judge, and which, after some formal recitals, reads as follows:

"I do determine and find all of the facts alleged in the petition to be true, and I do further find the petitioner has received and is now suffering from a disability partial in character and permanent in quality, and on application of the petitioner and in the interest of justice I determine and find that the compensation should be commuted to a single lump sum; and

"I further determine and assess the damages of the petitioner at the sum of $1,000, besides costs to be taxed."

This is not a statement of facts that can be used on review to test the propriety of the award. So far as appears on its face the disability might range from the loss of part of a phalanx of the little finger to the loss of an entire arm or leg, or anything short of statutory total disability. Section 11c. We are not helped by the "finding" that the "facts alleged in the petition are true," for that paper, after describing the cause of the accident, says merely that it resulted in "dislocating his shoulder, knocking him senseless, causing great pain, spitting of blood and inability to breathe without pain, and other external and internal bruises and injuries whereby he was permanently injured." Further on it avers that plaintiff "is still unable to perform work or labor and has suffered and is suffering great pain and is permanently injured." It is obvious that not one of the injuries described is necessarily permanent; so that if the petition be imported bodily into the finding we are as much

in the dark as ever on the question of what was the nature and extent of the permanent injury. Manifestly, if a finding of this sort is proper, a review by *certiorari* is nugatory except on questions of procedure. This could not have been the intent of the statute; and I think it cannot be generally so understood. As in *Banister Co.* v. *Kriger, ante p.* 30. the character and extent of the permanent injury should be stated, and the method of arriving at the award, so that the court of review may pass on the legality of the result in both aspects.

Counsel have submitted, somewhat informally, a statement of the testimony before the court below; but it is unavailable, because in view of the general and indefinite character of the finding I cannot tell how much of the testimony the court believed and how much it did not. In other words, the testimony is no substitute for the finding of facts required by the act.

It does appear (in the petition) that the plaintiff was earning $12 a week at the time of the accident. Consequently the award should have been on a basis of $6 a week for some definite number of weeks, and if commuted into a lump sum, as in this case, these particulars should still have been stated in the finding; for it may be that the award was made up, as in the Banister case, by totalling (substantially but not exactly) the weekly payments into a lump sum payable immediately, *e. g.,* one hundred and sixty-seven weeks at $6. This is unlikely, but we are not dealing with probabilities. By section 21 the lump sum found by way of commutation is expressly predicated on the weekly payments, and these particulars should appear in the finding.

Any question whether the trial court could be ruled to perfect the record by an amended finding of facts which would present the real questions at issue, if any, is disposed of for the purposes of this case by the fact that the judge that heard the evidence has gone out of office. The judgment will be reversed and the record remitted for a rehearing on the petition and a finding thereon of the character indicated above. No costs will be awarded.

The further question is raised, whether in cases of commutation to a lump sum, under section 21, the trial judge should state in his finding facts supporting the exercise of his discretion in favor of commutation as being "in the interest of justice." The result reached on other grounds makes it unnecessary to determine this question, and while it would be useful to the trial court to have a ruling on it, such ruling in this case would be *obiter* and, in my judgment, should be withheld until directly presented and fully argued.