(116 So. 365)

### HEARN v. UNITED STATES CAST IRON PIPE & FOUNDRY CO. (6 Div. 5.)

Supreme Court of Alabama.   March 29, 1928.

1. **Master and servant** 412—Determination of judge in compensation case must be enrolled before it becomes reviewable by certiorari (Code 1923, §§ 7571, 7578).

Under Code 1923, § 7578, determination of judge in compensation case does not become effective for purpose of review by certiorari under section 7571 until it is filed with clerk and enrolled on minutes of court.

2. **Master and servant** 412—Trial court's fact findings in compensation case will be reversed on certiorari only if there is entire absence of supporting legal evidence (Code 1923, §§ 7571, 7578).

Under Code 1923, §§ 7571, 7578, bill of exceptions made part of record in compensation case and incorporated in return to writ of certiorari will be looked to to ascertain whether trial judge's finding of facts or any material part thereof is unsupported by legal evidence, and if such finding is supported by any legal evidence the conclusion and judgment will not be disturbed; but if there is no legal evidence to support findings, judgment will be reversed.

3. **Master and servant** 412—Bill of exceptions will be considered with fact finding, where finding is too meager to fully inform reviewing court of circumstances.

Where special finding of fact in compensation case is responsive to the issues and is too meager or omissive to fully inform Supreme Court on certiorari, review in respect of the entire circumstances having relation to the point in contest, bill of exceptions will be considered along with finding.

4. **Master and servant** 412—Supreme Court in reviewing judgment in compensation case on certiorari will not pass on weight of evidence.

Supreme Court in reviewing judgment in compensation case on certiorari will not pass on weight of evidence to determine question of liability; but this is for trial judge.

5. **Master and servant** 410½—If fact finding in compensation case substantially varies from issue, it is nullity and will not be aided by intendment nor extrinsic facts (Code 1923, §§ 7578, 9500).

Trial judge's finding of fact in compensation case, required by Code 1923, § 7578, is similar to special finding of fact under section 9500 in ordinary law action where trial is by court without jury, and if finding varies from issue in a substantial manner, it is a nullity and will not be aided by intendment nor by reference to extrinsic facts.

6. **Master and servant** 410½—In compensation proceeding for death of plaintiff's husband, finding that "plaintiff" or "complainant" did not die as result of compensable accident held not responsive to issue.

In action under Workmen's Compensation Act (Code 1923, §§ 7534–7597) for death of plaintiff's husband, trial judge's finding of fact and conclusion that "plaintiff" or "complainant" did not die as result of accident arising out of and in course of his employment was without legal evidence to support it and not responsive to the issue, and will not support judgment denying compensation.

Certiorari to Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Proceeding under the Workmen's Compensation Act by Jennie Hearn against the United States Cast Iron Pipe & Foundry Company to recover compensation on account of the death of an employee. Judgment denying compensation, and the petitioner brings certiorari to the circuit court of Jefferson county (Bessemer division). Writ granted; reversed and remanded.

Charlton & Charlton, of Birmingham, for appellant.

Where the recital of the special finding of fact by the trial judge is too meager or omissive to inform the court of review in respect to the entire circumstances having relation to the point in contest, the bill of exceptions will be considered. Ex parte Sloss Co., 207 Ala. 219, 92 So. 458; Ex parte L. & N., 208 Ala. 216, 94 So. 289; Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 So. 626; Ex parte Jagger Coal Co., 211 Ala. 11, 99 So. 99. Findings of fact based merely on conjecture will not be upheld. Southern R. Co. v. Dickson, 211 Ala. 481, 100 So. 665; Southworth v. Shea, 131 Ala. 419, 30 So. 774; Miller-Brent Lbr. Co. v. Douglas, 167 Ala. 286, 52 So. 414; John v. Birmingham Realty Co., 172 Ala. 603, 55 So. 801; Carlisle v. Central of Ga., 183 Ala. 195, 62 So. 759; St. L. & S. F. v. Dorman, 205 Ala. 609, 89 So. 70.

J. P. Mudd, of Birmingham, for appellee.

The burden is on the plaintiff to reasonably satisfy the trial court that the accident arose out of and in the course of the workman's employment. Ex parte Coleman, 211 Ala. 248, 100 So. 114. In order to sustain the burden of proof, plaintiff must offer legal evidence. New River Coal Co. v. Files, 215 Ala. 64, 109 So. 360. Merely showing that the employee met his death while in the employment of the defendant is not sufficient to make out a case for compensation. Peterson v. Ind. Board, 281 Ill. 326, 117 N. E. 1033; Foster's Case, 242 Mass. 386, 136 N. E. 77; Englebreton v. Ind. Acc. Comm., 170 Cal. 793, 151 P. 421; Sparks v. Con. Indiana Coal Co., 195 Iowa, 334, 190 N. W. 593; Chicago Daily News v. Ind. Comm., 306 Ill. 212, 137 N. E. 797; Mix Dairy Co. v. Ind. Comm., 308 Ill. 549, 139 N. E. 926. The trial court's finding of fact on legal evidence is conclusive. Ex parte Little Cahaba Coal Co., 213 Ala. 596, 105 So. 648; Ex parte L. & N. R. Co., 208 Ala. 216, 94 So. 289; Ex parte Coleman, 211 Ala. 248, 100 So. 114; Ex parte Nunnally Co., 209 Ala. 82, 95

---

So. 343; Ex parte Sloss Co., 207 Ala. 219, 92 So. 458.

BROWN, J. This is an action under the Workmen's Compensation Act (Code 1923, §§ 7534–7597), instituted by the wife against the employer, the United States Cast Iron & Foundry Company, for compensation to herself and six dependent minor children, on account of *the death of the plaintiff's husband, Eddie Hearn,* which, as the complaint avers, was caused by an accident arising out of and in the course of his employment. These averments are specifically denied by the verified answer of the defendant.

The question of controversy on the trial, as appears from the record, certified in response to the writ of certiorari, was whether the death of the employee, Eddie Hearn, was the result of natural causes or the result of an accident within the purview of the statute.

Responding to the issues as stated above, the trial judge after finding the facts in line with the conclusion upon which the judgment denying compensation was rested, to wit, "that *the complainant* did not die as the result of an accident arising out of and in the course of his employment," entered a judgment denying compensation.

The evidence shows that the plaintiff's husband, Eddie Hearn, had been in the employ of the defendant for two years or more as a "clamper," and was working at the time of his death in "flask pit No. 4," a pit sunk in the ground to a depth of from 16 to 18 feet, in which moulding flasks were operated, said flask being from 14 to 16 feet in length and held in an upright position by a revolving table. Each of said flasks weighed about two tons, and extended to within 10 inches of the concrete floor of the pit. As the molten metal was poured into the flask for forming cast iron pipe, the table to which the flask was made fast revolved, moving the flask around the edge of the pit. The evidence tended to show that the work in which Hearn was engaged exposed him to unusual heat and while engaged in this work he had a stroke of apoplexy, or a heart lesion, which caused him to fall prostrated in the track of the flask and his head and shoulders were caught by one of the flasks which rolled or dragged him, inflicting bruises or burns on his shoulders and head. On being discovered by other workmen in this position, he was removed to the surface and only lived a few minutes thereafter. This evidence, it would seem, might warrant a finding that the death of this workman resulted from an accident arising out of and in the course of his employment. New River Coal Co. v. Files, 215 Ala. 64, 109 So. 360; La Veck v. Parke, Davis & Co., 190 Mich. 604, 157 N. W. 72, L. R. A. 1916D, 1277, 28 R. C. L. 817, § 102; 2 Honnold's Workmen's Compensation, p. 309, § 98.

217 ALA.—23

This, however, was a question of fact specially committed by the statute, in case of dispute, and in the absence of a charge of wilful misconduct on the part of the employé, to the province of the trial judge, whose "determination" is required to be in writing and when responsive to the issues in the case is conclusive as between the parties, subject to a limited review by certiorari. Code of 1923, §§ 7571, 7578; Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803; Hardisty v. Woodward Iron Co., 214 Ala. 256, 107 So. 837; La Veck v. Parke & Davis, supra.

The statute provides that:

"This determination shall be filed in writing, with the clerk of the court, and judgment shall be entered thereon in the same manner as in causes tried in the said circuit court, and shall contain a statement of the law and facts and conclusions as determined by said judge." Code of 1923, § 7578.

[1] This determination, like unto the verdict of a jury, is the warrant of authority for the clerk to enroll upon the minutes of the court a final judgment or decree, and its filing with the clerk of the court is essential to the regularity of the proceedings. Under the rulings here, a judgment, though previously entered, does not become effective for the purpose of review until such "determination" of the judge is filed with the clerk. Ex parte L. & N. R. Co. (Langston's Case), 214 Ala. 489, 108 So. 379; Woodward Iron Co. v. Bradford, supra; Ex parte Sloss-Sheffield Steel & Iron Co. (Greek's Case), 207 Ala. 219, 92 So. 458.

Our decisions are uniform in holding that a bill of exceptions, made a part of the record and incorporated in the return to the writ of certiorari will be looked to:

[2] 1. To ascertain whether the finding of facts by the trial judge, or any material part thereof is unsupported by legal evidence, and, if such finding is supported by any legal evidence, the conclusion and judgment will not be disturbed. On the other hand, if there is an absence of legal evidence to support the finding of facts or a material part thereof, the judgment will be reversed. Ex parte Sloss-Sheffield S. & I. Co., supra; Ex parte Woodward Iron Co., 211 Ala. 74, 99 So. 97; Sloss-Sheffield Steel & Iron Co. v. Keefe, 216 Ala. 379, 113 So. 400; Martin v. Sloss-Sheffield Steel & Iron Co., 216 Ala. 500, 113 So. 578.

[3] 2. Where the special finding of fact is responsive to the issues and is either "too meager or omissive to fully inform this court in respect of the entire circumstances having relation to the point in contest, the bill of exceptions will be considered along with the finding of facts"; yet if after so viewing the case it cannot be affirmed that the conclusion of the trial judge is without legal evidence to support it, the conclusion and judgment will not be disturbed. Ex parte L. & N. R. Co. (In re House v. L. & N.), 208 Ala. 216, 94 So.

289; Birmingham Slag Co. v. Johnson, 214 Ala. 131, 106 So. 806.

[4] 3. That this court in reviewing the judgment on certiorari will not pass upon the weight of the evidence with a view of determining the question of liability vel non, this being committed to the province of the trial judge. Hardisty v. Woodward Iron Co., supra; Paramount Coal Co. v. Williams, 214 Ala. 394, 108 So. 7.

[5] The finding of fact required by section 7578 of the Code is similar to the special finding of fact authorized by section 9500 of the Code in the ordinary action at law, where the trial is by the court without the intervention of a jury, and in the sense that the finding of fact must be confined and responsive to the issue, it is like unto a special verdict of a jury. If it varies from the issue in a substantial manner it is a nullity and will not be aided by intendment nor by reference to extrinsic facts. Betancourt v. Eberlin, Admr., 71 Ala. 461; Lee v. Campbell's Heirs, 4 Port. 198; Sewall v. Glidden, 1 Ala. 52; Patterson v. U. S., 2 Wheat. 221, 4 L. Ed. 224; 27 R. C. L. 882, § 54; Bibb v. Hall & Farley, 101 Ala. 79, 14 So. 98; Brock v. L. & N. R. R. Co., 114 Ala. 432, 21 So. 994.

[6] The finding of fact and conclusion of the trial court in this case, that the "plaintiff," or "complainant," did not die as the result of an accident arising out of and in the course of his employment, is without legal evidence to support it, and is not responsive to the issue in the case, and, under the settled principles of law and procedure, will not support the judgment.

It may be that the trial judge intended to find that the plaintiff's husband or intestate did not die as the result of accident, but it is a sufficient answer to a contention made on this basis to say that judgments cannot be sustained on such unexpressed intentions, and this court reviewing the judgment under the writ of certiorari will not examine the evidence to determine the question of liability vel non.

Let the judgment be reversed.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.