### BRYANT v. CENTRAL FOUNDRY CO. (7 Div. 781.)

Supreme Court of Alabama. March 29, 1928.

**1. Master and servant ⟊410½—Every fact necessary to sustain court's judgment should be incorporated in findings in compensation proceedings (Code 1923, § 7578).**

Findings of fact and conclusions in cases under Workmen's Compensation Act, under Code 1923, § 7578, are analogous to special findings of fact provided by section 9500 in actions at law, and there must be a finding of every fact necessary to sustain the judgment of the court.

**2. Master and servant ⟊412—Findings and conclusions of trial court in compensation proceedings are conclusive, subject to limited review by certiorari (Code 1923, § 7578).**

Findings of fact and conclusions of trial court in proceedings under Workmen's Compensation Act are conclusive as between parties, under Code 1923, § 7578, subject to a limited review by certiorari which involves determination whether there is any legal evidence to support findings and conclusions.

**3. Master and servant ⟊405(4)—Evidence in compensation proceedings held to sustain finding that employee's death resulted from causes other than injury received during employment.**

Evidence in compensation proceedings held to sustain finding of trial court that employee's death resulted from causes other than injury received in course of his employment and conclusion of employer's nonliability based on such finding.

Certiorari to Circuit Court, Calhoun County; R. B. Carr, Judge.

Proceeding under the Workmen's Compensation Act by Rosa Bryant against the Central Foundry Company to recover compensation on account of injury and death of an employee. Judgment denying compensation, and petitioner applies for certiorari. Writ denied; judgment affirmed.

Rutherford Lapsley, of Anniston, for plaintiff.

Where there is no statement of evidence supporting the court's finding or the statement is too meager to inform the court of

the entire circumstances in relation to the point in contest, a bill of exceptions is necessary, and will be considered on review. Ex parte Jagger Coal Co., 211 Ala. 11, 99 So. 99. The act is to be liberally construed. House v. Louisville & N. R. Co., 208 Ala. 218, 94 So. 289; Ex parte Central I. & C. Co., 212 Ala. 368, 102 So. 797. The undisputed testimony and necessary inferences from the evidence show that decedent's injuries proximately contributed to his death. Thompson v. L. & N., 91 Ala. 496, 8 So. 406, 11 L. R. A. 146; L. & N. v. Jones, 83 Ala. 376, 3 So. 902; Hamel v. Southern R. Co., 113 Miss. 344, 74 So. 276; L. & N. v. Chamblee, 171 Ala. 188, 54 So. 681, Ann. Cas. 1913A, 977.

Knox, Acker, Sterne & Liles, of Anniston, for defendant.

It is not required that the decree set out all the evidence. Code 1923, § 7575. If the burns received by the employee in no way contributed to his death, appellant is not entitled to recover. The decree is supported by legal evidence.

BROWN, J. [1] The finding of facts and conclusions prescribed by section 7578 of the Code in cases under the Workmen's Compensation Act has an analogy in the special finding of fact under section 9500, in actions at law. The statute contemplates, not a recital of the evidence, with its conflicting lights and tendencies, but a determination by the trial judge of the facts established by the evidence, responsive to the issues presented, with the conclusion as to whether the facts found establish or fail to establish the liability asserted; and there should be a finding of every fact necessary to sustain the judgment of the court. Brock v. Louisville & Nashville R. R. Co., 114 Ala. 431, 21 So. 994; McCarley v. White, 154 Ala. 295, 45 So. 155; Sloss-Sheffield Steel & Iron Co. v. Keefe, 216 Ala. 379, 113 So. 400.

[2] This finding of fact and conclusions of the trial court, in a proceeding under the Workmen's Compensation Act, unlike the finding in an ordinary action at law, are made conclusive as between the parties, by the statute, subject to a limited review by certiorari. Hardisty v. Woodward Iron Co., 214 Ala. 256, 107 So. 837; Paramount Coal Co. v. Williams, 214 Ala. 394, 108 So. 70.

The finding of fact and conclusion of the trial judge, entered upon the minutes of the court in the case at bar, are in substantial compliance with the statute, and the question presented is whether there is any legal evidence to sustain the finding and conclusion that the injury received by the workman in no way contributed to his death.

[3] The testimony of Dr. Posey is more than the testimony of a mere expert. He treated the deceased workman from the time of his injury up until a short time before his death, not only for the injury, but for other serious ailments, and his testimony tends to show that the workman had substantially recovered from the injuries received as the result of an accident in the course of his employment, and that his death resulted solely from other causes. This evidence is sufficient on review here to sustain the finding of fact on the only controverted issue in the case and the conclusion of defendant's nonliability. Hardisty v. Woodward Iron Co., supra.

The writ of certiorari is denied, and the judgment is affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.