(132 So. 899)

## SLOSS–SHEFFIELD STEEL & IRON CO. v. SNIDER et al.

### 6 Div. 771.

Supreme Court of Alabama.

March 12, 1931.

**BROWN, J.**

It is conceded by the petitioner that the deceased workman, L. B. Snider, at the time of his death, was in its employ, and that his death was caused by accident arising out of and in the course of his employment, and that his average weekly earnings were $20; that he was unmarried and had no children.

Compensation was allowed to his parents, as partial dependents, at $5 per week for 300 weeks, and the point of contest on the trial was whether or not partial dependency was shown. The finding of fact entered of record by the trial court on this point is "that said L. B. Snider left surviving him his father, L. C. Snider, and mother, Mary E. Snider, each residents of Davidson County, North Carolina, and of the ages of sixty-seven and fifty-three years respectively; that said L. C. Snider and Mary E. Snider were, at the time of the death of the said L. B. Snider, partially dependent upon the deceased, L. B. Snider, for support and maintenance, and that said L. C. Snider and Mary E. Snider regularly derived part of their support from the earnings of the deceased L. B. Snider at the time of his death, and had so derived said support for several months immediately prior thereto; that the support thus derived and the earnings thus regularly contributed by the deceased, L. B. Snider, to the joint support and maintenance of his father, L. C. Snider, and mother, Mary E. Snider, amounted, at the time of the death of the deceased, to the sum of six and no/100 dollars ($6.00) per week; that the only other income of said L. C. Snider and Mary E. Snider was and is from the sale of small amounts of produce from their little farm located in Davidson County, North Carolina, and that said sums above referred to and received by them from the deceased, L. B. Snider, were necessary for their support and maintenance."

The contention is that this recital of the special finding of fact "is too meager or omissive to fully inform" this court "in respect of the entire circumstances having relation to the point under consideration," and that there is no legal evidence to support the conclusion, thus entered of record.

Neither of these points is well taken. The finding and conclusion of fact are full and explicit, and, upon a reasonable view of the evidence, are fully sustained. Mobile Liners, Inc., v. McConnell, 220 Ala. 562, 126 So. 626; Hearn v. United States Cast Iron Pipe & Foundry Co., 217 Ala. 352, 116 So. 365; Woodward Iron Co. v. Vines, 217 Ala. 369, 116 So. 514.

Mathematical certainty cannot be exacted in the determination of disputed issues of fact in legal proceedings.

The writ of certiorari is denied, and the judgment will be affirmed.

Writ denied; affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.