48 So.2d 228

### RICHARDSON LUMBER CO. v. POUNDERS.

8 Div. 497.

Supreme Court of Alabama.
Oct. 19, 1950.

Sadler & Sadler, of Birmingham, for appellant.

Harold T. Pounders, of Florence, for appellee.

LIVINGSTON, Justice.

On motion or petition of Richardson Lumber Company, a Justice of this Court ordered a writ of certiorari to issue to the clerk of the Law and Equity Court of Lauderdale County, Alabama, commanding and requesting him to make and forward to the Supreme Court of Alabama a true and correct copy of the record and proceedings together with the transcript of the bill of exceptions containing the evidence of said law and equity court in the cause of J. R. Pounders versus Richardson Lumber Company, a corporation.

The record ordered to be sent up is now before us. It discloses a proceeding instituted by J. R. Pounders against the Richardson Lumber Company, a corporation, under the provisions of the Workmen's Compensation Act, and in which he claims compensation for an injury due to an accident arising out of and in the course of his employment by the Richardson Lumber Company, which injury resulted in the loss of an eye. The record contains the pleadings, the testimony of the witnesses, a bill of exceptions setting forth the evidence in narrative form and the following judgment entry:

"The above cause being submitted for the court's consideration and judgment upon the pleadings and the testimony and written briefs of attorneys for both parties, and the court having duly and carefully considered same, hereby renders judgment in favor of the plaintiff for a total sum of $2,000.00, being $200.00 for medical services and $1800.00 compensation at rate of $18.00 per week for 100 weeks.

"It is therefore ordered and adjudged by the court that the plaintiff have and recover of the defendant the sum of $2000.00 damages for the loss of his right eye, together with the costs of this proceeding for the collection of which execution may issue."

The record does not disclose a determination filed in writing with the clerk of said court containing a statement of the law, facts and conclusions as determined by the judge of said court, nor does it disclose any agreement of the parties, approved by the court, to commute any compensation due to one or more lump sum payments.

In pertinent part, section 304, Title 26, Code of 1940, provides: "This determination shall be filed in writing, with the clerk of said court, and judgment shall be entered thereon in the same manner as in causes tried in the said circuit court, and shall contain a statement of the law and facts and conclusions as determined by said judge. Subsequent proceedings thereon shall only be for the recovery of moneys thereby determined to be due; but nothing herein contained shall be construed as limiting the jurisdiction of the supreme court or court of appeals to review questions of law by certiorari."

Section 299, Title 26, Code, provides: "The amounts of compensation payable periodically hereunder, either by agreement of the parties approved by the court, or by decision of the court, may be commuted to one or more lump sum payments, except compensation due for death or permanent total disability, or for permanent partial disability resulting from total loss of hearing, or from the loss of an arm or a hand or a foot or a leg, or an eye, or of more than one such member. These may be commuted only with the consent of the

circuit court. In making such commutations, the lump sum payments shall, in the aggregate, amount to a sum equal to the present value of all future installments of compensation calculated on a six percent basis."

The findings of facts and conclusions prescribed by section 304, supra, in cases under the Workman's Compensation Act has an analogy in the special findings of fact under section 262, Title 7, Code of 1940 in actions at law.

In the case of Bryant v. Central Foundry Co., 217 Ala. 332, 116 So. 345, it was said: "The statute contemplates, not a recital of the evidence, with its conflicting lights and tendencies, but a determination by the trial judge of the facts established by the evidence, responsive to the issues presented, with the conclusion as to whether the facts found establish or fail to establish the liability asserted; and there should be a finding of every fact necessary to sustain the judgment of the court."

And in Ex parte Sloss-Sheffield Steel & Iron Co., 207 Ala. 219, 92 So. 458, 459, it is said: "The required statement of law, facts, and conclusions is necessary to make serviceable the review by certiorari which the statute provides, and this court has sought to impress upon the trial judges the necessity of a strict compliance with the statute. Woodward Iron Co., v. Bradford, 206 Ala. 447, 90 So. 803. The absence of such statement will afford ground for review. Long v. Bergen County Court, 84 N.J.L. 117, 86 A. 529." See also, Hearn v. United States Cast Iron Pipe & Foundry Co., 217 Ala. 352, 116 So. 365.

It is the duty of the trial court to make sufficient detailed findings of fact so that the appellate court can determine whether the judgment or award is supported by the facts. If no findings are made by the lower court, it is impossible for this Court to say whether the judgment is supported by the findings or whether there is any evidence to support the findings.

The lump sum judgment in this case is erroneous in the absence of a showing that the parties agreed, with the approval of the court, that such a judgment could be entered.

Reversed and remanded.

BROWN, LAWSON and SIMPSON, JJ., concur.