58 So.2d 589

**BASS v. COWIKEE MILLS.**

4 Div. 669.

Supreme Court of Alabama.
March 10, 1952.
Rehearing Denied May 15, 1952.

J. Hubert Farmer, Dothan, for appellant.

Chas. O. Stokes, Ozark, for appellee.

STAKELY, Justice.

This is an action under the Workmen's Compensation Act, Code 1940 Tit. 26, § 253 et seq., instituted by Albert Bass against his employer Cowikee Mills, a corporation, for compensation to himself for an alleged accidental injury arising out of and in the course of his employment. The answer of the defendant specifically denied that the plaintiff suffered any injury during the course of his employment. The question for determination on the trial was whether the injury of Albert Bass was the result of natural causes or the result of an accident within the purview of the statute.

The claim of plaintiff is based on the loss of sight of his right eye, it being his claim that such loss was caused by being struck

with the end of a broom handle, which he was using in the course of his employment by defendant. It is the position of appellee that the loss of vision in his eye was caused by disease and not by accident.

At the conclusion of the trial the court entered the following order:

"After hearing the evidence, the Court being of the opinion, it is considered and ordered by the Court that the plaintiff is not entitled to compensation under the facts in this case, and, therefore, judgment is hereby rendered by the Court in favor of the defendant and against the plaintiff."

██ Error is predicated on the failure of the trial judge to comply with § 304, Title 26, Code of 1940, which provides that the determination and judgment of the court "shall contain a statement of the law and facts and conclusions as determined by said judge." It is established as shown by Ex parte Shaw, 210 Ala. 185, 97 So. 694, that where the finding of fact is meager or omissive the court will look to the evidence in the case to see if on any reasonable view of the evidence, the judgment of the court can be sustained. But in the present case there is no finding of fact whatsoever but the entry made by the court was merely a judgment in favor of the defendant.

In the case of Richardson Lumber Co. v. Pounders, 254 Ala. 285, 48 So.2d 228, the duty of the trial judge to make a finding of fact was discussed and the cause was reversed because there was no finding of fact so that the appellate court could ascertain the basis on which the lump sum judgment was entered. In that case there was an award, however, in favor of the plaintiff while in the case at bar there was judgment for the defendant. Should the present case be differentiated for this reason from Richardson Lumber Co. v. Pounders, supra? We do not thing that it can be so differentiated.

It will be noted that in Richardson Lumber Co. v. Pounders, supra, the court in discussing the question here involved refers to the analogy between cases under the Workmen's Compensation Act and the special finding of fact under § 262, Title 7, Code of 1940. This analogy was pointed out in Bryant v. Central Foundry Co., 217 Ala. 332, 116 So. 345, where this court said:

"The finding of facts and conclusions prescribed by section 7578 of the Code in cases under the Workmen's Compensation Act has an analogy in the special finding of fact under section 9500, in actions at law. The statute contemplates, not a recital of the evidence, with its conflicting lights and tendencies, but a determination by the trial judge of the facts established by the evidence, responsive to the issues presented, with the conclusion as to whether the facts found establish or fail to establish the liability asserted; and there should be a finding of every fact necessary to sustain the judgment of the court."

In Betancourt v. Eberlin, Adm'r, 71 Ala. 461, the court said in referring to the statute, now § 262, Title 7, Code of 1940:

"When the finding is special, the statute operates to open for examination the sufficiency of the facts as found to support the judgment, and casts upon an appellate court the duty of reviewing and examining the decision of the primary court upon them. The finding in the present case was special, on the request of the appellant, the defendant in the court below, and whether the facts as found, reduced to writing and entered on the minutes, will support the judgment rendered, must be inquired into and determined."

In Brock v. Louisville & N. R. Co., 114 Ala. 431, 21 So. 994, 995, there was judgment for the defendant. In construing the statute providing for a special finding of facts, now § 262, Title 7, Code of 1940, this court said:

"A mere setting out of all the evidence in the cause, conflicting and undisputed, as appears in a bill of exceptions, and rendering judgment thereon, does not constitute a finding of the issues of fact as required by the statute. The conclusion of the court as to what these facts established, with-

in and responsive to the issues in the cause, was what the court was required to find. The statute also requires the court to make a statement in writing of its findings, which statement, with the judgment, must be entered on the minutes. The requirements of the statute in these respects were not complied with by the court, without which it was not authorized to pronounce the judgment it rendered. * * *"

The judgment of the lower court was reversed for failure to comply with the statute.

 In the case at bar there was a statutory duty resting on the trial judge to make a findings of fact in accordance with § 304, Title 26, Code of 1940, and where this is not done, the cause must be reversed, when the judgment is in favor of the defendant just as much so as when the judgment is for the plaintiff. It can be added here that if any party has objection to the findings of fact on the grounds of its insufficiency, it may be presented to the trial court for correction. Shaw v. Knight, 212 Ala. 356, 102 So. 701.

For the error indicated the judgment of the lower court must be reversed and the cause remanded.

Reversed and remanded.

BROWN, FOSTER, LAWSON and SIMPSON, JJ., concur.