65 So.2d 167

### JACKSON et al. v. TENNESSEE COAL, IRON & R. CO.

6 Div. 268.

Supreme Court of Alabama.

April 2, 1953.

Rehearing Denied May 28, 1953.

Taylor, Higgins, Windham & Perdue, Birmingham and Lipscomb & Brobston and Ling & Bains, Bessemer, for appellants.

Burr, McKamy, Moore & Tate and Wm. Henry Beatty, Birmingham, for appellee.

PER CURIAM.

The majority of the court concur in the opinion of Mr. Justice Brown, appearing below, except insofar as it holds that there was no finding by the trial court that the death of Louis Vaughan Jackson did not result from an accident arising out of and in the course of his employment by the defendant. We are of the opinion that there was such a finding and that it is supported by the evidence.

We, therefore, conclude the case should be affirmed.

Affirmed.

LAWSON, STAKELY, GOODWYN and MERRILL, JJ., concur.

BROWN and SIMPSON, JJ., dissent.

BROWN, Justice (dissenting).

This appeal is from a judgment of the Circuit Court of Jefferson County, Alabama, entered in a proceeding under the Workman's Compensation Act. The appeal is by certiorari as authorized by § 297, Title 26, Code of 1940. The form and substance of the procedure in such cases is governed by § 304, Title 26, Code of 1940, which provides in part that:

"At the time fixed for the hearing or any adjournment thereof, the court shall hear such witnesses as may be presented by each party, and in a summary manner without a jury, unless one is demanded, to try the issue of wilful misconduct on the part of the employee, decide the controversy. This determination shall 'be filed in writing, with the clerk of said court, and judgment shall be entered thereon in the same manner as in causes tried in the said circuit court, *and shall contain a statement of the law and facts and conclusions as determined by said judge.* Subsequent proceedings thereon shall only be for the recovery of moneys thereby determined to be due; but nothing herein contained shall be construed as limiting the jurisdiction of the supreme court or court of appeals to review questions of law by certiorari." [Italics supplied.]

Omitting some portions of the written statement made and filed by the judge, not deemed material here on this appeal, the

written statement filed "with the clerk of said court," contains the following:

"The Court finds from the evidence that on towit April 7, 1950, Louis Vaughn Jackson was employed as a member of a yard department crew, which was engaged in unloading brick in and about the defendant's blast furnaces located at Ensley, Ala. At about 10:30 to 11:00 o'clock A.M. on said date, said Louis Vaughn Jackson was found in what is known as a dust 'leg' or gas 'leg' near the defendant's furnaces. The evidence indicated that there were some ninety-odd of these so-called dust or gas 'legs' as part of the series of blast furnaces maintained by the defendant at Ensley, Alabama, and it was the purpose of these 'legs' to catch the flue dust which resulted from furnace operations. The so-called dust 'legs' were appended to large gas mains which conducted furnace gases from the furnaces to the boilers. The dust, as it was carried through the furnace gas mains, would drop into the dust 'legs' where it would accumulate until a large cone shaped valve was manually opened to allow the dust to drop to the ground level, where it was subsequently shoveled into railroad cars for further processing and use. The location of the particular dust 'leg' where the employee Louis Vaughn Jackson was found was located some 80 to 100 feet from the place where Louis Vaughn Jackson had been working in unloading the brick as a member of the yard department crew. Said Louis Vaughn Jackson had no duties whatever to perform in said gas 'leg' and it was not known by his immediate foreman or any of his fellow employees that he had placed himself in said gas 'leg' or dust 'leg'. He was first found in said 'leg' by a member of the blast furnace crew, who summoned Louis Vaughn Jackson's foreman and fellow employees, who immediately removed Jackson some 40 or 50 feet away and began the administration of artificial respiration. Doctors from the defendant's dispensary were immediately summoned and every attempt to revive Jackson failed. He was pronounced dead while yet at the furnace, but his remains were sent to the General Hospital used by the defendant, located at Fairfield, Alabama, where he was pronounced dead upon arrival.

"From all the evidence in the case and the medical testimony of Drs. Ford and Yelton, and the findings and diagnoses of Pathologists who conducted a post mortem examination of said Louis Vaughn Jackson, *the Court is not reasonably satisfied that the death of said Louis Vaughn Jackson resulted from an accident arising out of and in the course of his employment by the defendant.*

"Wherefore the Court enters a judgment in favor of the defendant against the claims of Grace Jackson, the plaintiff, and Janie Lee Jackson, intervening petitioner. This 18th day of April, 1951." [Italics supplied.]

While the foregoing statement discloses facts revealed by the evidence, that the deceased workman was an employee of the defendant at the time of his death and that said death occurred during the hours of his employment, *it does not conclude with a finding of fact,* essential in such cases, that the death of the workman Louis Vaughn Jackson resulted from an accident arising out of and in the course of his employment. Nor does said statement show that the workman's death was not caused by an accident arising out of and in the course of his employment. If either of such conclusions had been stated by the Judge who heard the evidence, we think it probable that the conclusion could have been sustained on this appeal. Such statement of fact and law was essential to the regularity and validity of said judgment. Richardson Lumber Co. v. Pounders, 254 Ala. 285, 48 So.2d 228; Hearn v. U. S. Cast Iron Pipe & Foundry Co., 217 Ala. 352, 116 So. 365; Bryant v. Central Foundry Co., 217 Ala. 332, 116 So. 345. The only fact stated by the judge is, "the *Court is not reasonably satisfied that the death of said Louis Vaughn Jackson resulted from an accident arising out of and in the* course of his employment by the defendant." As observed by the writer in the Bryant case, supra:

"* * * The statute contemplates, not a recital of the evidence, with its

88

conflicting lights and tendencies, but a determination by the trial judge of the facts established by the evidence, responsive to the issues presented, with the conclusion as to whether the facts found established or fail to establish the liability asserted; and there should be a finding of every fact necessary to sustain the judgment of the court. * * *" 217 Ala. 332, 116 So. 345.

As above noted the death of the workman occurred during his hours of service and there are tendencies of the evidence going to show that he suffered from retention of urine and that he stepped aside to relieve himself and walked into one of said gas legs as a cover while doing so. Such act was not such as to warrant a holding, as a matter of law, that he had abandoned his work and was not entitled to compensation. Alabama Concrete Pipe Co. v. Berry, 226 Ala. 204, 146 So. 271.

There was no issue of wilful violation of the rules of the employer.

For the error noted, I am of the opinion that the judgment of the circuit court should be reversed and the cause remanded. I, therefore, respectfully dissent.

SIMPSON, J., concurs.