83 So.2d 303

**WEST POINT MANUFACTURING CO.**

v.

**William P. BENNETT.**

**5 Div. 626.**

Supreme Court of Alabama.

Nov. 10, 1955.

Lewis H. Hamner, Jr., Roanoke, for appellee.

Denson & Denson and Yetta G. Samford, Jr., Opelika, for appellant.

PER CURIAM.

This controversy arose under the Workmen's Compensation Law, and was begun by a verified complaint as authorized by section 304, Title 26, Code. There was a judgment for plaintiff and defendant has brought it here by certiorari as authorized.

The issues were made by the verified complaint and verified answer to it. There was no occasion to prove the allegations of the complaint which were admitted in the answer. The judgment "shall contain a statement of the law and facts and conclusions as determined by said judge". The foregoing is provided for in section 304, supra. The finding is mandatory, and a judgment for plaintiff or defendant without it must be reversed. Alabama Textile Products Corp. v. Grantham, Ala., 82 So.2d 204;[1] Diamond Coal Co. v. White, 262 Ala.

1. Ante, p. 179.

112, 77 So.2d 372; Jackson v. Tennessee Coal, Iron & R. R. Co., 259 Ala. 85, 65 So.2d 167; Bass v. Cowikee Mills, 257 Ala. 280, 58 So.2d 589; Richardson Lumber Co. v. Pounders, 254 Ala. 285, 48 So.2d 228.

It is said in Bryant v. Central Foundry Co., 217 Ala. 332, 116 So. 345, that there shall be "a determination by the trial judge of the facts established by the evidence, *responsive to the issues presented,* with the conclusion as to whether the facts found establish or fail to establish the liability asserted; *and there should be a finding of every fact necessary to sustain the judgment of the court".* (Italics supplied.)

■ We interpret the above as not requiring a finding of what is admitted in the answer. As to that there is no issue. But the finding should include all the other facts necessary to sustain a judgment. A recital of the evidence is not a finding by the court. It must result as a matter of law that the judgment was properly rendered on the facts found. When the trial court's finding is merely meager or omissive, this Court will look to the evidence to see if the judgment can be sustained on any reasonable view of it. Alabama Textile Products Corp. v. Grantham, supra; Ex parte Louisville & Nashville R. R. Co., 208 Ala. 216, 94 So. 289.

The only findings of fact by the trial court are as follows:

"It is clear from the testimony that the plaintiff, at the time of the alleged injury, was in the employ of the defendant, and was performing the duties of a doffer. The duties of a doffer are to pull the rail on the frame, doff the frame and unload the cloth. To pull the frame requires that pressure be applied by the foot and leg of the operator to a part of the mechanism which must be pushed down. All of this is done simultaneously while reaching across the body with the arm to continue the operation. This process is necessarily repeated many times during a day's work. * * *

"Upon consideration, the court is of the opinion that the plaintiff is entitled to benefits under the Workmen's Com-

pensation Laws of Alabama. And the court is convinced from the testimony in said cause that the defendant (sic [plaintiff]) is totally and permanently disabled."

■ The facts necesssary to support the judgment are:

1. That both parties are subject to the Workmen's Compensation Law, Sections 263, 270, Title 26, Code.

2. That a personal injury was sustained by plaintiff.

3. It was caused by an accident.

4. It arose out of his employment.

5. And in the course of his employment (section 270, supra).

6. (The amount awarded was for a permanent and total disability), so that he must have suffered such an injury. Section 279 (E) 3, as amended, Title 26, pocket part, Code.

7. And facts showing that his weekly earnings justified an award of $23 weekly for four hundred weeks. Section 279 (E) 3, as amended, supra.

■ The complaint alleges that defendant was subject to the Workmen's Compensation Law. This is admitted in the answer. We think the finding of the trial court in connection with the evidence sufficiently shows that plaintiff suffered an injury on the date named; that it was caused by an accident; that the injury arose out of and in the course of his employment; and that it caused a total and permanent disability of plaintiff. Alabama Textile Products Corp. v. Grantham, supra.

■ The complaint also alleges that plaintiff was receiving a salary of $60 a week at the time of his injury. The answer denies that but alleges he was receiving $42.50 weekly. The court allowed the maximum of $23 weekly, which is within fifty-five per cent of the earnings which defendant admitted plaintiff was receiving. Section 279 (E) 3, as amended, supra. The pleadings and findings are sufficient to support a judgment for the amount fixed in it.

"Conclusions of fact must be based on legal evidence; but, where there is any legal evidence to support the finding, such finding is conclusive, and no technical questions as to the admissibility of evidence will be here considered." Ex parte Sloss-Sheffield Steel & Iron Co., 207 Ala. 219, 92 So. 458, 459; Ex parte Louisville & Nashville R. R. Co., 208 Ala. 216 (4), 94 So. 289; Ex parte Jagger Coal Co., 211 Ala. 11, 99 So. 99; Ex parte Woodward Iron Co., 211 Ala. 111 (9), 99 So. 649; Majors v. Jackson Lumber Co., 244 Ala. 418, 13 So.2d 885; Malbis Bakery Co. v. Collins, 245 Ala. 84, 15 So.2d 705; Houser v. Young, 247 Ala. 562, 25 So.2d 421.

The parties are entitled to have before this Court the evidence which was submitted in the trial court so that it may determine whether there was any legal evidence to support the finding and judgment, when a contrary contention is made. Ex parte Louisville &: Nashville R. R. Co., supra; Ex parte Sloss-Sheffield Steel & Iron Co., supra; Alabama Concrete Pipe Co. v. Berry, 226 Ala. 204, 146 So. 271; Bass v. Cowikee Mills, 257 Ala. 280, 58 So.2d 589. The court reporter's certified copy of the proceedings, including the evidence, is a part of the record, and it shows legal evidence to support the finding of the court.

Those assignments of error which relate to the objections made to evidence admitted by the trial court are not reviewable in this proceeding since there was sufficient legal evidence from which the conclusion reached could be drawn.

The judgment should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Judgment affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.