243 So.2d 710

The MERRILL COMPANY, a Corporation,

v.

A. D. BUTLER.

8 Div. 27.

Court of Civil Appeals of Alabama.

Jan. 27, 1971.

**448**

Davies, Williams & Wallace, Birmingham, for appellant.

Cloud, Berry, Ables, Blanton & Tatum, Huntsville, for appellee.

BRADLEY, Judge.

The respondent here, A. D. Butler, in May 1968, filed a claim against petitioner, The Merrill Company, A Corporation, in the Circuit Court, of Madison County, seeking benefits under Title 26, Section 297, subd. E, Code of Alabama 1940, as Recompiled 1958.

After responsive pleadings were filed, the matter was set for hearing on August 5, 1969 before the court, sitting without a jury, where testimony was heard ore tenus from the respondent. By agreement, the depositions of doctors James Havron, Joe Capps, Roger Vieth, and William Price were introduced in evidence. All of these doctors had examined the respondent with regard to an alleged injury suffered while working for the petitioner.

After the hearing the trial court made findings of fact and conclusions of law, and entered judgment for respondent by allowing him to recover $968.00 temporary total disability; $1,879.20 additional compensation based on 20% disability to the body as a whole; $4,125.60 additional compensation to be paid at $21.60 per week, or a lump sum payment in the same amount, computed to the value of $3,841.68.

A motion for new trial was filed on November 26, 1969 and denied on December 24, 1969.

On January 22, 1970 petitioner applied for the writ of certiorari and it was granted by this court on January 23, 1970.

In our order granting the writ, we also required petitioner to enter into a supersedeas bond in the amount of $6,000. This bond was filed with the clerk of the Circuit Court of Madison County on February 2, 1970.

### On the Motion to Dismiss the Writ

After the writ was granted by this court, the respondent filed a motion asking this court to dismiss the writ as being improvidently granted for the reason that no security for costs had been filed within thirty days of the trial court's denial of the motion for new trial.

This motion was argued in brief by both parties, but on oral argument the attorney for respondent informed the court that his client was no longer insisting on the motion and was not asking this court to pass on its validity.

We will consider the motion to dismiss the writ as being withdrawn and no longer before this court for a ruling.

## On the Merits

All of petitioner's assignments of error are more or less directed to the question of whether or not there was legal evidence presented to the trial court which would support its finding of fact that respondent suffered a compensable injury causing a 20% disability to the body as a whole.

We will consider the assignments of error in the context of this issue.

The facts in this case show that respondent was working for petitioner as a sheet metal worker installing air conditioning and heating ducts in a building in Huntsville, Alabama, when he was injured as a result of a damper section of this ductwork getting away from him and another employee, causing him to fall. The damper section weighed from 500 to 700 pounds.

Respondent testified that as he fell, he felt a sharp pain in the lower part of his back.

On the day he was injured, respondent saw a doctor in his hometown of South Pittsburg, Tennessee, where he was treated for muscle spasms in his lower back.

The evidence also shows that respondent was treated by Dr. Havron of South Pittsburg over a period of months for his back problem, and during this time was sent by Dr. Havron to two neurosurgeons and one orthopedic specialist for examination of his back to ascertain whether or not he had a "disc" problem.

Dr. Havron testified in deposition that it was his opinion that the respondent had a "disc" problem.

The three specialists to whom respondent was referred by Dr. Havron testified in deposition that after two myelograms and other tests, they could find no evidence of a ruptured disc.

A myelogram is a rather recent medical procedure whereby dye is injected into the spinal canal and its progress around the spinal discs is observed to determine any abnormality in the disc.

The testimony was to the effect that this procedure is not 100% accurate in diagnosing ills of the spinal disc, but it is about the best tool available to medical science at this time in diagnosing problems in the human spinal column, particularly in relation to the discs.

It was stated, however, that sometimes the myelogram will be negative and an exploratory operation will reveal a positive disc problem.

The testimony further revealed that the respondent was informed that the only sure way to find out what was causing his back problem was to undergo an exploratory operation.

According to the deposition of Dr. Havron, the respondent appeared willing to undergo such an exploratory operation.

Moreover, the depositions of all the doctors indicated that respondent had been a cooperative patient.

Dr. Havron stated that he had prescribed a back brace for petitioner, and petitioner stated that he wore it whenever he needed to do so.

Respondent testified that since his injury to his back, he had tried to work as a sheet metal employee on three separate jobs, but was unable to last more than three days on any of the three jobs. He further stated that he was now taking a correspondence course in electronics.

Dr. Havron stated that respondent had all the symptoms of a "disc" problem, including a positive leg raising test; and this was still his opinion after receiving the results of the two myelograms, because he did not believe that they were 100% accurate.

The last time Dr. Havron saw respondent, he stated that in his opinion, respondent had a permanent partial disability to the body as a whole in an amount of between 15% and 25%.

The respondent was the only witness testifying in open court; the testimony of the doctors was produced by way of deposition.

The trial court, in its findings of fact, found that respondent was suffering from a ruptured disc, and was permanently partially disabled to the body as a whole in the amount of 20%.

In cases of this kind, this court is governed by the rule which is succinctly stated in the case of Bell v. Driskill, 282 Ala. 640, 213 So.2d 806, as follows:

"* * *, on certiorari in workmen's compensation cases, where there is any legal evidence, or reasonable inference therefrom, to support the finding of facts of the trial court, such finding is conclusive, and the judgment thereon will not be disturbed. * * *"

Also see Goodyear Tire & Rubber Co. of Ala. v. Downey, 266 Ala. 344, 96 So.2d 278.

The trial court saw and heard the respondent testify that he suffered an injury to his lower back while working within the line and scope of his employment, and has been unable to pursue his trade of sheet metal worker since that time.

Dr. Havron stated in his deposition that in his opinion the respondent had a "disc" and was partially permanently disabled to the body as a whole in the amount of 20%.

The other doctors, specialists who saw respondent once or twice, stated in deposition that although respondent had some symptoms of disc problems, their objective tests did not bear this out.

They, along with Dr. Havron, stated that the tests were not 100% accurate. Dr. Havron stated that the only sure way to ascertain whether there was a "disc" was to do an exploratory operation, and respondent had indicated a willingness to undergo such an operation.

It should be noted here that the trial court was not bound by the opinion testimony of the doctors, particularly where it was in dispute. Benson-Jackson-Mathers Post No. 5106 v. Donaldson, 267 Ala. 60, 99 So.2d 688.

The trial court found, after reviewing the evidence, that the respondent was suffering from a ruptured disc, suffered as a result of a job connected accident, and that respondent has a 20% permanent partial disability to the body as a whole.

We think the evidence supports such a finding of fact.

There being no other objections to any other aspect of the findings and judgment, this case is due to be, and is, affirmed.

Affirmed.