268 So.2d 834

**DALE MOTELS, INCORPORATED**

v.

**Beulah Woodruff CRITTENDEN.**

**Civ. 10.**

Court of Civil Appeals of Alabama.

Nov. 1, 1972.

Edward W. Drinkard, Prattville, for appellee.

Steagall & Adams, Ozark, for appellant.

WRIGHT, Presiding Judge.

Writ of Certiorari was granted on the petition of Dale Motels, Incorporated to review the judgment of the Circuit Court in Dale County rendered in a Workmen's Compensation Case. Section 297, Title 26, Code of Alabama 1940.

Complaint was filed below by Beulah Woodruff Crittenden seeking Workmen's Compensation benefits from Dale Motels, Incorporated.

Upon trial, judgment was rendered for petitioner Crittenden. With minor omissions, the finding and judgment of the court appears in the record as follows:

"ORDER OF THE COURT

"This day came the parties by their attorneys and issue being joined between the

parties in an action under the Workmen's Compensation Act of the State of Alabama, and a hearing having been set down and held this date in accordance with the law, and thereupon the same being heard, understood and considered by the Court, it is Considered and Ordered by the Court, and it is the Judgment of the Court that compensation be and the same is hereby awarded to the plaintiff as noted below, from which shall be deducted the amount already paid to said plaintiff in the sum of Two Thousand, Two Hundred, Twenty-four and 06/100 ($2,224.06) Dollars.

"It is therefore considered, ordered and adjudged by the Court that the plaintiff have and recover of the defendants the sums as follows:

"(a) One Hundred, forty-one (141) weekly installments or payments of $38.50 per week accrued, due and payable immediately in the lump sum of Five Thousand, Four Hundred, twenty-eight and 50/100 ($5,428.50) Dollars less payments totaling $2,224.06 aforesaid and in addition thereto:

"(b) Two Hundred Fifty Nine (259) future installments of weekly payments of $38.50 due and payable each week from May 13, 1972, or in lieu thereof, a lump sum payment equal to the present value of said installments, calculated at 6% basis, in the amount of Eight Thousand, Seven Hundred, Twenty and 17/100 ($8,720.17) Dollars, provided the lump settlement on committed value is agreed to by Defendant.

"It is therefore considered, ordered and adjudged by the Court that the petitioner have and recover of the defendants the above sums, together with the costs in this behalf expended, and for all of which execution may issue.

"It is further considered and ordered by the Court and it is the judgment of the Court, that the attorney's fee of *$1788.69* for the petitioner, be and the same is here-by fixed at One Thousand, Seven Hundred, eighty-eight and 69/100 ..DOLLARS.

"Done this the 26th day of May, 1972.
/s/ Mike Sollie, III
JUDGE OF THE CIRCUIT COURT
Dale County, Alabama
"FILED IN OFFICE THIS THE
26 day of May, 1972.
"/s/ Andrew Marshall
Clerk"

It is contended by petitioner that the decree of the trial court does not comply with the requirements of Title 26, Section 304, Code of Alabama 1940, and must be reversed. We agree.

Section 304, Title 26 as pertinent reads:

". . . At the hearing or any adjournment thereof, the court shall hear such witnesses as may be presented by each party, and in a summary manner without a jury, unless one is demanded to try the issue of willful misconduct on the part of the employee, decide the controversy. This determination shall be filed in writing with the clerk of said court, and judgment shall be entered thereon in the same manner as in causes tried in the said circuit court, *and shall contain a statement of the law and facts and conclusions as determined by said judge. . . .*" (Emphasis supplied.)

■ It is obvious that there was no determination of the facts nor conclusions of law filed by the court. Neither does the decree contain such findings and conclusions. There is not a partial or substantial compliance with the statute. There is no compliance whatever.

When the trial court completely fails to comply with the provisions of Section 304, Title 26, the judgment of the trial court will be reversed. Bass v. Cowikee Mills, 257 Ala. 280, 58 So.2d 589; Richardson Lumber Co. v. Pounders, 254 Ala. 285, 48 So.2d 228; Calvert v. Funderburg, 284

**54**

Ala. 311, 224 So.2d 664; Kearley v. Peterman Lumber Co., 46 Ala.App. 204, 239 So. 2d 776; Leach Mfg. Co. v. Puckett, 284 Ala. 209, 224 So.2d 242.

It is argued by appellee that since there was admission by answer of all of the allegations of the complaint except the charge that claimant was permanently and totally disabled, that the requirements of Section 304 do not have to be literally complied with, but only a finding as to the issue of the amount of disability is required. Appellee further discards the necessity of a finding as to that issue by saying that since the judgment requires payment of 400 weeks compensation, the court must have found permanent total disability.

Appellee's argument is primarily premised upon statements made by the court in the case of West Point Manufacturing Co. v. Bennett, 263 Ala. 571, 83 So.2d 303. "It is said in Bryant v. Central Foundry Co, 217 Ala. 332, 116 So. 345, that there shall be 'a determination by the trial judge of the facts established by the evidence, responsive to the issues presented, with the conclusion as to whether the facts found establish or fail to establish the liability asserted, and there should be a finding of every fact necessary to sustain the judgment of the court'.

"We interpret the above as not requiring a finding of what is admitted in the answer. As to that there is no issue. But the finding should include all the other facts necessary to sustain a judgment. A recital of the evidence is not a finding by the court. It must result as a matter of law that the judgment was properly rendered on the facts found. When the trial court's finding is merely meager or omissive, this Court will look to the evidence to see if the judgment can be sustained on any reasonable view of it. Ala. Textile Products Corp. v. Granthan, *supra* [Ala., 82 So.2d 204]; Ex parte Louisville & Nashville R. R. Co., 208 Ala. 216, 94 So. 289."

The above statement is followed by the finding of the court which is stated to be sufficient, when taken with the answer, to show a determination of all the issues presented by a Workmen's Compensation case. There is nothing in the *West Point* decision that disposes of the statutory requirement that there must be a finding of every fact necessary to sustain the judgment in a compensation case. Without a determination of fact on the issues presented by the complaint and answer there can be no valid judgment. This requirement is fully sustained by the statement of the court in *West Point Manufacturing Co.* where it was said:

". . . It must result as a matter of law that the judgment was properly rendered on the facts found. . . ."

This Court on appeal cannot look to the judgment alone and conclude from its provisions the court's finding of fact.

In the instant case, it is clear that there is no finding of fact which in detail is meager or omissive. There just isn't any finding of fact at all. With complete failure to comply with the provisions of Section 304, Title 26, of the Code, there is nothing for this Court to review on certiorari and the judgment must be reversed. Bass v. Cowihee Mills, supra. We do not cite Leach Mfg. Co. v. Puckett, supra, for this proposition because we consider the determination there that the finding of fact and conclusions of law were insufficient is contrary to such finding as set out in full therein. We do not understand the decision of the Supreme Court on that point in *Leach*.

Since the matter must be reversed and remanded for a finding of fact and conclusion of law with an entry of judgment based thereon, we do not decide but only comment briefly upon the second proposition presented by the appeal.

That proposition is based upon the assumption that since the judgment of the

court was for recovery of compensation for a total of 400 weeks at a rate of $38.50 per week that it was the conclusion of the trial court that there was permanent total disability under Title 26, Section 279(E) 3. It is the contention of appellant that the evidence does not support a finding of permanent total disability under Section 279(E) 3, but that an award of compensation was due to have been made under Section 279(C) 3.

■ For us to decide which of the two statutes are applicable in the present status of the case would in effect be supplanting our finding of fact for that of the trial court. This we cannot do. Until the trial court makes the required finding of fact and conclusions of law and enters a judgment based thereon, we cannot review its finding and judgment for error. Once the trial court makes and enters a finding of fact, such finding is conclusive upon review unless it is unsupported by legal evidence. Bass v. Cowikee Mills, supra; Merrill Co. v. Butler, 46 Ala.App. 447, 243 So.2d 710. A judgment entered upon a finding of fact supported by the evidence is conclusive upon review unless contrary to law. Boatright v. Dothan Aviation Corp., 278 Ala. 142, 176 So.2d 500.

We can only suggest that the trial court in awarding judgment consider recent decisions of the Supreme Court of Alabama such as Leach Mfg. Co. v. Puckett, supra, and Brunson Milling Co. v. Grimes, 267 Ala. 395, 103 So.2d 315.

Since one of the benevolent purposes of the Workmen's Compensation Act is to provide prompt payment for disabilities and injuries sustained by accident by workmen in the course of employment, it is hoped that further delay of proper compensation to appellee for her injury will be minimal.

Reversed and remanded.

BRADLEY and HOLMES, JJ., concur.