77 So.2d 372

**DIAMOND COAL COMPANY et al.**

v.

**Marion T. WHITE.**

**6 Div. 788.**

Supreme Court of Alabama.

Jan. 13, 1955.

J. R. Forman, Jr., Burr, McKamy, Moore & Tate, Birmingham, for appellants.

Hugo L. Black, Jr., Cooper, Mitch & Black, Birmingham, for appellee.

MERRILL, Justice.

This case involves a petition for certiorari to review a decree in a workmen's compensation proceeding in the circuit court of Marion County, Alabama, where-in the appellee was awarded the sum of $5,634 on his claim that he had contracted the disease of silicosis while in the employment of the appellant. It is admitted that there was no finding of facts by the court filed in this case.

Code of 1940, Title 26, § 304, requires that the court shall file in writing with the clerk a statement of the law and facts and conclusions as determined by the judge. In Richardson Lumber Co. v. Pounders, 254 Ala. 285, 48 So.2d 228, 229, the court said:

"It is the duty of the trial court to make sufficient detailed findings of fact so that the appellate court can determine whether the judgment or award is supported by the facts. If no findings are made by the lower court, it is impossible for this Court to say whether the judgment is supported by the findings of whether there is any evidence to support the findings."

In Bass v. Cowikee Mills, 257 Ala. 280, 58 So.2d 589, 590, we said:

"In the case at bar there was a statutory duty resting on the trial judge to make a findings of fact in accordance with § 304, Title 26, Code of 1940, and where this is not done, the cause must be reversed, when the judgment is in favor of the defendant just as much so as when the judgment is for the plaintiff. * * *"

For the error indicated the judgment of the lower court must be reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.