139 So.2d 341

**Woodrow REYNOLDS, d/b/a Woodrow Reynolds Lumber Co.**

v.

**Jasper Ray KIRBY.**

**I Div. 993.**

Supreme Court of Alabama.

March 22, 1962.

Grady W. Hurst, Jr., Chatom, for appellant.

Winston F. Groom, Mobile, for appellee.

LAWSON, Justice.

On petition of Woodrow Reynolds, d/b/a Woodrow Reynolds Lumber Company, the Chief Justice of this court ordered a writ. of certiorari to issue to the Clerk of the Circuit Court of Washington County, commanding and requesting him to make and forward to the Supreme Court of Alabama a true and correct copy of the record and proceedings of the Circuit Court in the cause of Jasper Ray Kirby v. Woodrow Reynolds, d/b/a Woodrow Reynolds Lumber Company.

The record ordered to be sent up is now before us. It discloses a proceeding instituted by Jasper Ray Kirby against Woodrow Reynolds, d/b/a Woodrow Reynolds Lumber Company, under the provisions of the Workmen's Compensation Law and in which he claims compensation for an injury due to an accident arising out of and in the course of his employment by Woodrow Reynolds, d/b/a Woodrow Reynolds Lumber Company.

The record contains the pleadings, the testimony of the witnesses, and the following judgment entry:

"On February 20, 1961, came the parties and by their attorneys, and issued [sic] being joined between the parties, and after hearing the evidence this matter was taken under advisement. The court being of the opinion it is considered and ordered by the court, and it is the judgment of the court that compensation be and the same is hereby awarded to the petitioner in the sum of $3,976.60.

"It is, therefore, Considered, Ordered and Adjudged by the court that the petitioner have and recover of the defendant the sum of $3,976.60 in one lump sum, together with the costs in this behalf expended, for all of which execution may issue.

"It is further considered and ordered by the court and it is the judgment of the court that the attorney's fee of Winston F. Groom attorney for the petitioner be, and the same is hereby fixed at $596.49, to be paid out of the funds awarded to petitioner.

"Issued this 18th day of May, 1961."

The record does not disclose a determination filed in writing with the clerk of the trial court containing a statement of the law, facts and conclusions as determined by the judge, as is provided by § 304, Title 26, Code 1940.

It is the duty of the trial court to make sufficient detailed findings of fact so that the appellate court can determine whether the judgment or award is supported by the facts. If no findings are made by the lower court, it is impossible for this court to say whether the judgment is supported by the findings or whether there is

**254**

any evidence to support the findings. Richardson Lumber Co. v. Pounders, 254 Ala. 285, 48 So.2d 228; Bass v. Cowikee Mills, 257 Ala. 280, 58 So.2d 589; Diamond Coal Co. v. White, 262 Ala. 112, 77 So.2d 372; Sam's Place v. Middleton, 39 Ala.App. 481, 103 So.2d 812.

For the error indicated, the judgment of the trial court must be reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and COLEMAN, JJ., concur.