173 So.2d 811

**Levie PINKNEY**

v.

**JAMES B. CLOW & SONS, INC.**

6 Div. 848.

Supreme Court of Alabama.

Feb. 18, 1965.

Rehearing Denied April 8, 1965.

John J. Smith and Geo. S. Brown, Birmingham, for appellant

John J. Coleman, Jr., Charlotte Railey Kieffer and White, Bradley, Arant, All & Rose, Birmingham, for appellee.

GOODWYN, Justice.

This is a workmen's compensation case. There was judgment denying compensation. The employee brings this "appeal by certiorari" (Code 1940, Tit. 26, § 297) to review that judgment.

The employee filed his verified complaint in the circuit court of Jefferson County pursuant to Code 1940, Tit. 26, § 304. The employer filed several pleas to the complaint, as amended, asserting that the action "is barred by the statute of limitations of one year," that is, Code 1940, Tit. 26, § 296, and Tit. 7, § 26. The employee filed two special replications to these pleas, in which he alleged the following:

"REPLICATION NO. 1

\*   \*   \*   \*   \*   \*

"That the defendant fraudulently and with the intention to deceive the Petitioner, did misrepresent to the Petitioner the following material facts upon which Petitioner relied to his detriment: That he, (Petitioner), was not entitled to Workmen's Compensation Benefits because he, (Petitioner), was hurt in Defendant's plant; that he, (Petitioner), would have been paid under the Workmen's Compensation Act if he, (Petitioner), had been hurt outside the gate of Defendant's plant; that said fraudulent misrepresentations were made to the Petitioner by the De-

fendant on to-wit: August 4, 1960, and the Petitioner did not discover the falsity of said misrepresentation until to-wit: November 2, 1960.

"REPLICATION NO. 2

\*   \*   \*   \*   \*   \*

"Defendant fraudulently and with the intent to deceive the Petitioner, did suppress and conceal from the Petitioner a material fact as follows: The Defendant subsequent to to-wit: April 6, 1960, informed the Petitioner that Petitioner's injury was not job related and compensable under the Workmen's Compensation Act, and fraudulently and with the intent to deceive and defraud the Petitioner, suppressed and concealed the material fact that Dr. Charles P. Grant, an eye specialist, had reported to the Defendant on to-wit: April 6, 1960, that the loss of the Petitioner's left eye was job-related, and the Petitioner had no knowledge of and was ignorant of said report, and as a proximate consequence of said fraudulent suppression and concealment of said material fact, Petitioner was deceived and misled as to his rights under the Workmen's Compensation Act until more than one year had elapsed from the date of his said injury, after which he discovered for the first time that such a report had been made to the Defendant by the aforesaid Dr. Grant."

The defendant demurred to the replications, separately and severally, moved to strike Replication No. 2, and demurred further to Replication No. 2. The demurrers and motion were overruled. These rulings are not challenged on this appeal.

After an oral hearing of the evidence, the trial court rendered a judgment denying compensation. The judgment, as required by § 304, Tit. 26, contains "a statement of the law and facts and conclusions as determined by" the trial judge. However, the statement is confined to the issue presented by Replication No. 1. The issue

presented by Replication No. 2 is not determined. There is no dispute that the replications present separate and distinct issues. Under the circumstances, we have no alternative but to reverse and remand the cause for determination by the trial court of the issue presented by Replication No. 2.

Section 304, Tit. 26, supra, places on the trial judge a duty to make findings *responsive to the issue presented;* and where this is not done, the cause must be reversed whether the judgment is in favor of the defendant or the plaintiff. See: Head v. Triangle Construction Company, 274 Ala. 519, 524, 150 So.2d 389; Reynolds Lumber Co. v. Kirby, 273 Ala. 252, 253–254, 139 So.2d 341; Birson v. Decatur Transfer & Storage, Inc., 271 Ala. 240, 242, 243, 122 So.2d 917; United Telephone and Telegraph Company v. Culiver, 271 Ala. 568, 570, 126 So.2d 119; Alabama Textile Products Corporation v. Grantham, 263 Ala. 179, 182, 82 So.2d 204; West Point Manufacturing Co. v. Bennett, 263 Ala. 571, 572–573, 574, 83 So.2d 303; Diamond Coal Company v. White, 262 Ala. 112, 113, 77 So.2d 372; Bass v. Cowikee Mills, 257 Ala. 280, 281, 282, 58 So.2d 589; Hearn v. United States Cast Iron Pipe & Foundry Co., 217 Ala. 352, 353, 354, 116 So. 365; Bryant v. Central Foundry Company, 217 Ala. 332, 333, 116 So. 345.

There are cases which hold that, when the trial court's finding is merely meager or omissive, this court will look to the evidence to see if the judgment can be sustained on any reasonable view of it. See: West Point Manufacturing Co. v. Bennett, supra; Alabama Textile Products Corporation v. Grantham, supra; Ex parte Louisville & N. R. Co., 208 Ala. 216, 217, 94 So. 289. This principle is not applicable here for the reason that no finding was made with respect to the issue presented by plaintiff's Replication No. 2. It would be applicable in reviewing the finding with respect to the issue presented by plaintiff's Replication No. 1, since the trial court made a finding as to that issue.

The judgment is reversed and the cause remanded.

Reversed and remanded.

LAWSON, MERRILL and COLEMAN, JJ., concur.

## ON REHEARING.

GOODWYN, Justice.

The only mention of Replication No. 2 in the "statement of the law and facts and conclusions as determined by" the trial judge is the following under the caption "Pleadings," viz.:

"* * * Petitioner further by replication contends that the defendant fraudulently and with intent to deceive the petitioner did surpress (sic) and conceal from petitioner certain material fact as set forth in replication number two. That the suppressed and concealed material fact was that Dr. Charles T. Grant, an eye specialist, had reported to the defendant in April 1960 that the loss of petitioner's left eye was job related and that petitioner had no knowledge of and was ignorant of said report and as a proximate consequence of said suppressed and concealed fact petitioner was deceived and misled by the defendant as to his rights under the Workmen's Compensation Act until more than one year elapsed from the date of said injury."

What the employee *contends* is not a finding of fact. 100 C.J.S. Workmen's Compensation § 630a., p. 911; Spencer v. Industrial Commission of Utah, 87 Utah 336, 40 P.2d 188, 192, Reheard 87 Utah 358, 48 P.2d 1120.

As we read and understand the trial judge's "Conclusion of Law," the only issue dealt with is that presented by Replication No. 1 (fraudulent *misrepresentations* of material facts). The "Conclusion of Law" is as follows:

## "CONCLUSION OF LAW

"It is the opinion of the Court that petitioner did lose the sight of his left eye by accidental means while engaged in performance of his duties at defendant's plant which would be compensible under Workmen's Compensation Statutes of Alabama.

"That more than one year elapsed from the date of said injury to the bringing of this suit. Therefore, the only remaining question in this case is whether the statute of limitation of one year was tolled by *fraudulent misrepresentations* as claimed by the petitioner to have been made to him by the defendant's representative, and relied on by him to his detriment. The Court finds from the evidence that the plaintiff was informed and knew as early as May 1960 that the defendant denied liability to him on the ground that the claimed injury was not job related. According to petitioner's testimony he also knew, and was so informed by defendant's representative that his claim for compensation by the Company was denied as not being job related. That thereafter plaintiff sought aid from his union representative to assist him in obtaining workmen's compensation from the defendant. It is clear to the Court if there were *false representation* made to petitioner by the defendant that the plaintiff did not rely on such misrepresentations.

"It is therefore the opinion of the Court that *representations* made by the defendant to the plaintiff, whether true or false were not relied upon by him and therefore the Statute of Limitation of one year was not tolled." [Emphasis supplied.]

It seems clear that the "Conclusion of Law" does not deal with the issue presented by Replication No. 2, which charges that "defendant fraudulently and with intent to deceive petitioner, did *suppress and conceal* from the petitioner a material fact."

Opinion modified and extended.

Application for rehearing overruled.

LAWSON, MERRILL and COLEMAN, JJ., concur.