This is a workmen's compensation case.
On June 28, 1982, Delores Ivey injured her knee while working at Elbert Greeson Hosiery Mill, Inc. She was examined by a specialist, who diagnosed her as having reflex sympathetic dystrophy. This is a condition described as originating from a simple blow to the knee. A disturbance in the nervous system is caused by the blow and the affected area goes through several stages of soreness and swelling. Ms. Ivey's condition is described as having swelling and a bluish discoloration around the knee cap with pain out of proportion to the apparent injury. This symptom is called "chronic pain syndrome." The condition is also accompanied by stiffness of the joint. The treatment of this condition is described in three stages. The first line of treatment is physical therapy followed by the second line, an anesthetic block of the nerves to the knee to see if the pain is relieved. If the block is successful, the third stage of treatment is surgery to permanently cut the nerves to the knee. Ms. Ivey refused the second and third stages of treatment. The reason for her refusal is at issue in this case.
Following her refusal, the employer's insurance company sent a letter to counsel for Ms. Ivey, demanding that she submit to the sympathetic block and surgery. After this demand letter, the insurance company stopped paying Ms. Ivey compensation.
On August 29, 1983, Ms. Ivey filed suit, seeking an award for permanent and total disability benefits. The employer filed a general denial and asserted that the employee, Ms. Ivey, unreasonably refused medical treatment. On June 1, 1984, the *Page 1051 
DeKalb County Circuit Court entered a judgment for Ms. Ivey, and the employer appeals.
In workmen's compensation cases our review of factual matters is limited to an examination of the evidence presented at trial to determine if there was any legal evidence to support the trial court's findings. Lankford v. International Paper Co.,454 So.2d 988 (Ala.Civ.App. 1984); Allen v. Diversified Products,453 So.2d 1063 (Ala.Civ.App. 1984); Battles v. Thomas R. Foster PulpwoodCo., 444 So.2d 876 (Ala.Civ.App. 1984).
The law applicable to refusing medical treatment in a workmen's compensation case is found in § 25-5-77, Code of Alabama 1975. This section has been interpreted to mean that for an employee to be deprived of future benefits because of his refusal to submit to proposed medical treatment, there must be some reasonable expectation that the employee's condition will improve as a result. The treatment required must also be reasonably danger-free. The employee's subjective fear of surgery, alone, is not a reasonable basis for refusal of such an operation. Scott v.Alabama Machinery and Supply Co., 52 Ala. App. 459, 294 So.2d 160
(1974).
The employer presents as issues on appeal that the trial court erred in its determination that Ms. Ivey was permanently and totally disabled and that her refusal to submit to surgical treatment was reasonable. The employer bases these issues on the contention that the only evidence supporting the employee's case is not legal evidence.
During the trial, Ms. Ivey's attorney asked her what the doctor had told her about the proposed surgical treatment. Counsel for the employer objected to this testimony on the specific grounds of hearsay. However, the trial court admitted the controversial testimony for the limited purpose of showing why she refused the proposed medical treatment, and not to establish the truth thereof. By doing so, the trial court did not commit error. See, C. Gamble, McElroy's Alabama Evidence § 273.02 (3rd ed. 1977).
Ms. Ivey testified that the doctor told her that because of her "age and the circumstances" that he could not do the surgery. Ms. Ivey's ex-husband also testified over objection as to what the doctor said. He said the doctor never recommended surgery and at one point stated that her condition had progressed too far for him to do surgery. He also testified that the doctor said there was no guarantee of success in the surgery; there was a possibility of paralysis; that the pain could possibly reoccur; and that such surgery would not help mobility. Mr. Ivey also stated that his ex-wife was not afraid of surgery in general but was afraid of this particular surgery. There was evidence that Ms. Ivey had undergone several operations in the past. To corroborate this testimony, counsel for Ms. Ivey introduced a letter from the doctor to the insurance company which stated in pertinent part:
 "Also considering this patient's mental status and the chronic pain syndrome which has developed in this knee and the fact that the dystrophy is well established, I am reluctant to undertake the possible treatment courses of action detailed in the previous letter because of the poor chance of significant improvement. This was communicated to the patient.
She was advised to live with the knee and try to gradually increase the use of it. It might slowly improve with time." (Emphasis ours.)
There was other evidence presented by the employer which showed that the doctor had recommended the surgery to Ms. Ivey and that she refused the treatment simply because of her fear of surgery. Nevertheless, under our limited standard of review, we find ample legal evidence to support the trial court and find no merit in the related issues presented by the employer.
Next, the employer contends that the finding of reasonable refusal of medical treatment was insufficient to comply with §25-5-88, Code of Alabama 1975. *Page 1052 
That section provides essentially that the judgment of the trial court in a workmen's compensation case shall contain a statement of the law applicable to the case, the facts as they relate to the law, and the resulting conclusion. Dees v.Daleville Florist, 408 So.2d 155 (Ala.Civ.App. 1981). The purpose of this section is to ensure sufficiently detailed findings so that the appellate court can determine whether the judgment is supported by the facts. Reynolds v. Kirby, 273 Ala. 252,139 So.2d 341 (1962). Substantial compliance with this section will suffice. Dees v. Daleville Florist, supra. In this instance, our review of the record reveals substantial compliance with §25-5-88, and we find sufficient facts to support the finding; hence, we find no error.
Lastly, the employer argues that the trial court erred in its finding of permanent and total disability. They contend that contrary to the definition of permanent and total disability, §25-5-57 (a)(4)(d), Ms. Ivey is not incapacitated from all gainful employment.
After Ms. Ivey's injury, the employer submitted a proposed job description to Mrs. Ivey's doctor for his approval. The job described was one of sitting at a sock machine and pulling socks over a tube. The job involved standing for five minutes and sitting for twenty minutes. There was no walking, bending or lifting involved. The doctor felt the job was within Ms. Ivey's capabilities. She subsequently tried to perform the job but was unable to do so due to pain in her knee and lack of mobility. After three or four hours, her knee swelled, turned blue and began to have intense pain.
The record also reveals that Ms. Ivey tried to return to her previous work of private duty nursing. This attempt failed because she was unable to handle the weight of an invalid person or to perform other simple duties of the job. She is also unable to do yardwork or housework because of the bending, lifting, walking and balancing involved, along with the accompanying pain. We hold the trial court's finding of permanent and total disability is supported by legal evidence and not founded on speculation.
We find no error in this judgment, and this case is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.