ROBERTSON, Presiding Judge.
This is an appeal from the trial court’s order determining that William Rich, employee, was entitled to workmen’s compensation benefits from his employer, Goodyear Tire and Rubber Co., due to his contracting the occupational disease of rubber poisoning.
Goodyear appeals, asserting that the trial court’s determination that the employee is entitled to temporary total disability benefits from April 1, 1987, until September 4, 1989, is unsupported by the evidence, and that the trial court’s determination that the employee reached maximum medical improvement on September 1, 1989, is also unsupported by the evidence. Next, Goodyear argues that the trial court erred in finding the “date of injury” to be January 17, 1987.
First, Goodyear asserts that the trial court’s order does not comply with § 25-5-88, Code 1975. Pursuant to that section, the trial court’s order in a workmen’s compensation case must contain a “statement of the law and facts and conclusions as determined by the judge.” Section 25-5-88, Code 1975.
“It is the duty of the trial court to make sufficiently detailed findings of fact so that the appellate court can determine whether the judgment is supported by the facts. Reynolds v. Kirby, 273 Ala. 252, 139 So.2d 341 (1962). Substantial compliance with this section will suffice. Calvert v. Funderburg, 284 Ala. 311, 224 So.2d 664 (1969).”
Fordham v. Southern Phenix Textiles, Inc., 387 So.2d 204, 206 (Ala.Civ.App.), cert. denied, 387 So.2d 206 (Ala.1980). Further, in cases where the trial court’s findings are meager or omissive, this court may examine the record and determine whether the judgment should be upheld. County of Mobile v. Benson, 521 So.2d 992 (Ala.Civ.App.1988).
In this case, we have reviewed the trial court’s judgment and find substantial compliance with § 25-5-88, Code 1975. Thus, we hold that no reversible error was committed here.
Goodyear’s next contention is that no record evidence exists to support the trial court’s determination that it was on September 1, 1989, that Rich reached maximum medical improvement.
As early as 1982, Rich began having skin problems that his doctor attributed to his exposure to certain chemicals at Goodyear. Specifically, the doctor testified that Rich had large patches and plaques of dermatitis along the forearms of both arms and also on his right leg. In connection with his treatment for the contact dermatitis, or rubber poisoning, Rich was tested for allergic reactions to certain chemicals found at Goodyear. When tested, Rich was found to be allergic in a rather dramatic way to a chemical by the name of n-cyplohexylthi-ophthalimide that is used at Goodyear.
The doctor testified that Rich’s symptoms were brought under control after several months of treatment and that he did not return to the doctor for care until September 17, 1986. When Rich returned to the doctor at this time, Rich had a reappearance of the rash that progressively worsened. The doctor subsequently got Rich’s condition good enough that he could return to work, which he did on December 30, 1986.
Then, on January 17,1987, Rich was sent into an area of the Goodyear plant that triggered an allergic reaction, this time in his eyes. Rich returned to the doctor, and, at this time, the doctor felt that Rich *925 should be considered for a medical retirement.
An examination of the doctor’s written medical documents assessing Rich’s condition reveal that a series of examinations of Rich were performed, that patch testing of his skin was done, that continued medical treatment was given to him, and that periodic reevaluations were required from 1982 until September 1, 1989.
On September 1, 1989, Rich’s doctor directed a statement to Goodyear that indicated that the continuous nature of Rich’s condition indicated that it was appropriate, at that time, to consider permanent impairment. Consequently, he entered such an assessment.
Our standard of review in a workmen’s compensation case is a two-step process. First, we look to see if any evidence exists to support the trial court’s findings. If such evidence is found, then we must determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
Moreover, whether an employee is totally disabled is determined by his inability to perform his trade or obtain reasonably gainful employment. Price’s Bar-B-Que v. Carter, 541 So.2d 38 (Ala.Civ.App.1989). To be totally disabled, an employee does not have to be totally helpless or suffer total physical disability. Price’s.
We hold that the aforementioned evidence supports the trial court’s determination that Rich was temporarily totally disabled from January 17, 1987 — the date he was last exposed to the chemicals at Goodyear, until September 1,1989 — the date the doctor sent his last assessment of Rich to Goodyear, in which the doctor indicated Rich should be considered for permanent impairment. We also hold that this evidence supports a finding that Rich reached maximum medical improvement on September 1, 1989.
Finally, we consider what the correct date of injury is for a person with an occupational disease, pursuant to §§ 25-5-117 and -119, Code 1975. Section 25-5-117, Code 1975, provides:
“The date of the injury shall mean, for all purposes of this article, the date of the last exposure to the hazards of disease in the employment of the employer in whose employment the employee was last exposed to the hazards of the disease.”
From the record evidence presented, it was clear that Rich was last exposed to the chemicals that caused his occupational disease on January 17, 1987. Consequently, we hold that the trial court was correct in its determination that Rich’s injury occurred on that date.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.