MOORE, Judge.
Regions Bank appeals from a judgment entered by the Baldwin Circuit Court ("the trial court") denying Regions' motion for termination of medical benefits previously ordered to be paid, pursuant to Alabama's Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975, on behalf of Kathleen Allen.
On August 6, 1998, the trial court entered a judgment approving a settlement of a workers' compensation action filed by Allen against Regions. In its judgment approving the settlement, the trial court concluded, among other things, that, on April 3, 1996, Allen had "sustained an on-the-job injury at Regions, while in the course of employment a chair in which she was sitting broke, causing [Allen] to fall to the floor, striking her right buttock and hip region." The trial court awarded Allen a lump-sum payment of $3,359.88 in workers' compensation disability benefits and ordered that Regions would "remain[ ] responsible for payment of any reasonably necessary future medical benefits with respect to said accident and injury."
On May 8, 2017, Regions filed a motion requesting a termination of its responsibility to pay medical benefits related to medical treatment Allen was seeking for her back. Regions alleged that, during its recent review of Allen's request for the payment of medical benefits, Allen's treating physician had responded to an inquiry from Regions regarding whether Allen's current treatment was related to her 1996 injury by indicating that Allen's current treatment was a result of the normal aging process and wear and tear as opposed to being related to her 1996 injury.
On July 18, 2017, the trial court held a hearing on Regions' motion; there is no transcript of that hearing in the record on appeal, and there also is no indication that ore tenus testimony was presented at that hearing. Indeed, Regions indicates that it made arguments and "referenced and argued" certain exhibits during those arguments. That same day, the trial court entered a judgment stating: "Motion for Termination of Medical Benefits filed by Regions Bank is hereby DENIED."
Also on July 18, 2017, Regions moved to supplement the record to include the exhibits referenced and argued at the hearing on its motion to terminate Allen's medical benefits; it attached the exhibits to its motion to supplement. The trial court did not rule on that motion. On August 23, 2017, Regions filed its notice of appeal.
On appeal, Regions argues that the trial court's judgment should be reversed because Allen's current medical treatment is unrelated to her April 3, 1996, injury and because she failed to establish a compensable injury. We initially note, however, that the trial court's judgment does not include findings of fact or conclusions of law.
Our supreme court has held: "The procedure in disputed claims arising under the [Workers'] Compensation Act[, *671 § 25-5-1 et seq., Ala. Code 1975,] is set out in § 25-5-88, Code of Alabama 1975, and must be complied with." Ex parte Curry, 607 So.2d 230, 231 (Ala. 1992).
" Section 25-5-88[, Ala. Code 1975,] requires a trial court to make findings of fact and conclusions of law in workers' compensation judgments. Alabama law requires only substantial compliance with § 25-5-88, and meager or omissive findings of fact or conclusions of law do not necessarily require a reversal of a workers' compensation judgment. See Ex parte Curry, 607 So.2d 230, 232 (Ala. 1992) ; Calvert v. Funderburg, 284 Ala. 311, 224 So.2d 664 (1969) (construing the predecessor statute to § 25-5-88 ). A trial court, however, must make findings of fact and state conclusions of law that are responsive to the issues presented at trial. Equipment Sales Corp. v. Gwin, 4 So.3d 1125, 1129-30 (Ala. Civ. App. 2008).
" ' "The purpose of Ala. Code 1975, § 25-5-88, is to 'ensure sufficiently detailed findings so that the appellate court can determine whether the judgment is supported by the facts.' " Farris v. St. Vincent's Hosp., 624 So.2d 183, 185 (Ala. Civ. App. 1993) (quoting Elbert Greeson Hosiery Mills, Inc. v. Ivey, 472 So.2d 1049, 1052 (Ala. Civ. App. 1985) ). "[T]he trial court has a duty to make a finding on each issue presented and litigated before it. In instances where the trial court fails to make a finding responsive to the issue presented, the case must be reversed." Thomas v. Gold Kist, Inc., 628 So.2d 864, 867 (Ala. Civ. App. 1993) ; see also Harbin v. United States Steel Corp., 356 So.2d 179 (Ala. Civ. App. 1978) ; and Dun & Bradstreet Corp. v. Jones, 678 So.2d 181 (Ala. Civ. App. 1996). In Harbin v. United States Steel Corp., this court reversed the trial court's judgment and remanded the case because the trial court had failed to address or to make findings regarding the issue of notice of injury to the employer, despite the issue being presented and litigated.' "
Weaver v. Pilgrim's Pride Corp., 106 So.3d 417, 419-20 (Ala. Civ. App. 2012) (quoting Equipment Sales Corp. v. Gwin, 4 So.3d 1125, 1129-30 (Ala. Civ. App. 2008) ); see also Johnson v. Lowe's Home Ctr., Inc., 59 So.3d 698, 700 (Ala. Civ. App. 2010) (reversing a workers' compensation judgment when the "trial court failed to include findings of fact responsive to the issues presented, as required by § 25-5-88").
In the present case, the trial court's judgment contains no findings of fact or conclusions of law related to the issues pending before this court. We therefore reverse the trial court's judgment, and remand the cause for the trial court to enter findings of fact and conclusions of law in compliance with § 25-5-88. Weaver, 106 So.3d at 420.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.