REL: January 5, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

_____

### CL-2023-0340

_____

### Victoryland

### v.

### Patricia Dianne Arnold

### Appeal from Macon Circuit Court
### (CV-08-46)

MOORE, Judge.

Victoryland ("the employer") appeals from a judgment entered by the Macon Circuit Court ("the trial court") denying its petition to be relieved of liability for future medical treatment for a work-related back injury sustained by Patricia Dianne Arnold ("the employee"). We reverse

the judgment and remand the case with instructions for the trial court to enter writing findings of fact and conclusions of law as required by Ala. Code 1975, § 25-5-88, a part of the Alabama Workers' Compensation Act ("the Act"), Ala. Code 1975, § 25-5-1 et seq.

In 2008, the employee filed a petition for workers' compensation benefits on account of a back injury she allegedly had suffered on August 19, 2006, while working for the employer. In 2009, the parties entered into a settlement agreement, pursuant to which the employer agreed to pay the employee $6,500 and to assume liability for the costs associated with the medical treatment for the employee's injury. On June 16, 2009, the trial court entered a judgment based on the parties' agreement, providing, among other things, "[t]hat liability for reasonably necessary medical and hospital expenses proximately resulting from [the employee's] August 19, 2006, injury is to be open." The employer subsequently complied with the judgment by authorizing and paying for the reasonably necessary medical treatment incurred by the employee for her 2006 back injury.

On October 4, 2018, the employee was involved in a motor-vehicle accident. As a result of that accident, on October 2, 2019, the employee commenced a civil action against the alleged tortfeasor who had caused the accident. In the complaint, the employee alleged that she had suffered a personal injury in the accident, which her doctor, when deposed, described as an aggravation of her 2006 work-related back injury.

On June 15, 2022, the employer filed a "motion" for relief from the judgment approving the workers' compensation settlement, arguing that it should no longer be responsible for providing future medical treatment to the employee on account of her 2006 back injury. The motion was, in substance, a petition filed pursuant to Ala. Code 1975, § 25-5-88, to resolve a controversy between the parties regarding the employee's rights under the judgment to future medical treatment. See Total Fire Prot., Inc. v. Jean, 160 So. 3d 795, 799 (Ala. Civ. App. 2014). The employer attached to its petition numerous exhibits to support the petition. On June 30, 2022, the employee filed an answer to the petition, framed as a response to the motion filed by the employer. The employee also attached

3

numerous exhibits in support of her answer. On January 17, 2023, the employee filed a motion to set the petition and answer for a hearing, which the trial court granted. The trial court conducted the hearing on April 3, 2023.

On April 10, 2023, the trial court entered a judgment, providing, in its entirety:

> "This matter came before the [trial court] on April 3, 2023, on [the employer]'s Motion for Relief and [the employee]'s Objection to the same. Upon review of submissions and arguments of counsel, the Motion for Relief is DENIED."

The employer filed a notice of appeal to this court on May 17, 2023.

On appeal, the employer argues that the trial court erred in denying its petition to end its responsibility for paying the medical expenses for the employee's 2006 back injury. The employer argues, as it did to the trial court, that any future medical treatment for the employee's back injury relates solely to her 2018 motor-vehicle accident, a superseding and intervening cause, which, it says, relieves it of liability for future medical treatment, and that the employee should be judicially estopped to claim that the employer owes her any further medical benefits because

she claimed damages for her back injury in her civil action against the alleged tortfeasor, which she settled. The trial court evidently rejected those arguments, but it did not set forth its reasons in the judgment.

Section 25-5-88 sets forth the mandatory procedure by which a controversy regarding the benefits due under the Act shall be determined. See Regions Bank v. Allen, 256 So. 3d 669 (Ala. Civ. App. 2018). Section 25-5-88 requires that a trial court, in a workers' compensation judgment, make findings of fact and conclusions of law that are responsive to the issues raised by the parties so that the appellate court can determine whether the judgment is supported by the facts and the law. Id. "[T]he trial court has a duty to make a finding on each issue presented and litigated before it. In instances where the trial court fails to make a finding responsive to the issue presented, the [judgment] must be reversed." Thomas v. Gold Kist, Inc., 628 So. 2d 864, 867 (Ala. Civ. App. 1993).

In the present case, the trial court's judgment contains no findings of fact or conclusions of law related to the issues pending before this court. We therefore reverse the trial court's judgment and remand the

case for the trial court to enter findings of fact and conclusions of law in compliance with § 25-5-88.  Allen, 256 So. 3d at 671.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Thompson, P.J., and Hanson and Fridy, JJ., concur.

Edwards, J., recuses herself.