Rel: April 26, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

_____

### CL-2023-0584

_____

### Jesus Hernandez

### v.

### Maria Rosenda Rodriguez

_____

### CL-2023-0716

_____

### Maria Rosenda Rodriguez

### v.

### Jesus Hernandez

### Appeals from Shelby Circuit Court
### (DR-23-900041)

LEWIS, Judge.

Jesus Hernandez ("the husband") appeals from a judgment entered by the Shelby Circuit Court ("the trial court"), that, among other things, divorced him from Maria Rosenda Rodriguez ("the wife"). The wife cross-appeals from that same judgment. With respect to the husband's appeal, we reverse the trial court's judgment and remand the case for the trial court to make those findings necessary to comply with § 30-2-57, Ala. Code 1975. With respect to the wife's cross-appeal, we reverse the trial court's judgment regarding its division of the marital property, the amount of its child-support award, and its award pursuant to Rule 32(A)(4), Ala. R. Jud. Admin., and we remand the case for the trial court to enter a judgment in accordance with this opinion.

## Procedural History

The parties married on January 15, 1997. The wife filed a complaint seeking a divorce from the husband on January 19, 2023. The husband filed an answer to the wife's complaint for a divorce on February 7, 2023. A trial was held on June 12, 2023, and June 15, 2023. On July 13, 2023, the trial court entered a final judgment divorcing the parties. The trial court's final judgment of divorce divided the marital property;

awarded the parties joint legal custody of K.H. ("the child"), the only child born of the marriage who remained a minor at the time of the divorce judgment; awarded the wife sole physical custody of the child; ordered the husband to pay monthly child support in the amount of $585; and awarded the wife $3,000 per month in periodic alimony, until the first of the following: "[the] wife's death, the husband's death, or by the wife's open cohabitation with an individual with whom she is romantically involved and as contemplated under § 30-2-55, Code of Alabama (1975)."

The wife filed a postjudgment motion seeking to alter, amend, or vacate the divorce judgment on August 14, 2023.[1] On August 22, 2023, the trial court entered an order that corrected certain clerical errors but otherwise denied the wife's postjudgment motion. On August 23, 2023, the husband filed a notice of appeal to this court. The wife filed her cross-appeal on October 3, 2023. On October 6, 2023, this court consolidated the husband's appeal and the wife's cross-appeal ex mero motu.

---

[1]Because the 30th day following the entry of the divorce judgment fell on a Saturday, the wife had until the following Monday, August 14, 2023, to file her postjudgment motion. See Rules 6(a) and 59(e), Ala. R. Civ. P.

Discussion

On appeal, the husband argues that the trial court abused its discretion in awarding the wife periodic alimony.  On cross-appeal, the wife challenges the trial court's division of property and award of child support.

I.  The Husband's Appeal

We first address the issue of periodic alimony, which is the sole issue raised by the husband on appeal.  Section 30-2-57, Ala. Code 1975, which is titled "Rehabilitative or periodic alimony," provides, in pertinent part:

"(a)  Upon granting a divorce or legal separation, the court shall award either rehabilitative or periodic alimony as provided in subsection (b), if the court expressly finds all of the following:

"(1) A party lacks a separate estate or his or her separate estate is insufficient to enable the party to acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage.

"(2) The other party has the ability to supply those means without undue economic hardship.

"(3) The circumstances of the case make it equitable.

4

"(b)   If a party has met the requirements of subsection (a), the court shall award alimony in the following priority:

"(1) Unless the court <u>expressly finds</u> that rehabilitative alimony is not feasible, the court shall award rehabilitative alimony to the party for a limited duration, not to exceed five years, absent extraordinary circumstances, of an amount to enable the party to acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage.

"(2) In cases in which the court <u>expressly finds</u> that rehabilitation is not feasible, a good-faith attempt at rehabilitation fails, or good-faith rehabilitation only enables the party to partially acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage, the court shall award the party periodic installments of alimony for a duration and an amount to allow the party to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage as provided in subsection (g)."

(Emphasis added.)

Although neither party specifically argues that the trial court erred by failing to make the express findings required by § 30-2-57(a) and (b), "this court has reversed a trial court's judgment and remanded the case for it to enter … mandated findings as to a judgment … <u>ex mero motu</u>." <u>Merrick v. Merrick</u>, 352 So. 3d 770, 775 (Ala. Civ. App. 2021) (citing <u>Regions Bank v. Allen</u>, 256 So. 3d 669, 671 (Ala. Civ. App. 2018)).

Specifically, with respect to an award of alimony,

"in <u>Merrick v. Merrick</u>, 352 So. 3d 770 (Ala. Civ. App. 2021), this court discussed the application of Ala. Code 1975, § 30-2-57, stating: 'The legislature has clearly required that an alimony award be either rehabilitative alimony or periodic alimony and that, to award either type of alimony, the trial court must make certain express findings ....' 352 So. 3d at 775. Those requirements include findings as to those matters discussed in § 30-2-57(a), Ala. Code 1975, and, if a periodic-alimony award is to be made, a finding 'that rehabilitative alimony is not feasible,' § 30-2-57(b)(1), Ala. Code 1975, based upon the trial court's consideration of the various factors described in § 30-2-57(d) & (f), Ala. Code 1975."

<u>Lopez v. Rodriguez</u>, 379 So. 3d 455, 461 (Ala. Civ. App. 2023).

"The legislature has clearly directed that a trial court must make express findings as to the establishment of the basis for an alimony award and as to the specific type of alimony that is awarded." <u>Id.</u> "The general purpose of making specific findings of fact is to allow the trial court 'to carefully review the evidence and to perfect the issues for review on appeal.'" <u>White v. Jones</u>, [Ms. CL-2023-0511, Feb. 16, 2024] ___ So. 3d ___, ___ (Ala. Civ. App. 2024) (quoting <u>Ex parte Vaughn</u>, 495 So. 2d 83, 87 (Ala. 1986)).

In this case, the trial court's judgment does not contain the express findings that § 30-2-57 requires to support an award of periodic alimony. Further, upon awarding periodic alimony, the trial court failed to make

an express finding that rehabilitative alimony was not feasible based upon the trial court's consideration of the various factors described in § 30-2-57(d) and (f), Ala. Code 1975. See Lopez, 379 So. 3d at 461. Because the judgment does not satisfy the requirements of § 30-2-57, we reverse the trial court's judgment and remand the case to the trial court with instructions that it enter a new judgment in compliance with § 30-2-57.

## II. The Wife's Cross-Appeal

### A.

On cross-appeal, the wife first argues that the trial court erred in its division of marital property. However, "'[i]n light of our reversal on the alimony issue [raised by the husband], we pretermit any discussion regarding the equity of the marital property award because '[t]he issues of property division and alimony are interrelated, and they must be considered together on appeal.'" Lopez, 379 So. 3d at 462 (quoting Turnbo v. Turnbo, 938 So. 2d 425, 430 (Ala. Civ. App. 2006)). Therefore, the trial court in this case is directed to reconsider the division of marital property along with its determination of the alimony issue.

B.

The wife also argues that the trial court erred in its award of child support. Specifically, she argues that the "[husband's Form] CS-41 … does not reflect all [of the husband's] income" and "there was no order for medical insurance for the minor child." The wife's brief at p. 20.

With respect to the wife's argument that the amount of child support was erroneous, she specifically argues that the trial court failed to consider all of the husband's income and his ability to earn. The only citation to authority in the wife's brief is to Rule 32(B)(3), Ala. R. Jud. Admin., which defines self-employment income. Rule 28(a)(10), Ala. R. App. P., requires that an appellant set forth "[a]n argument containing the contentions of the [appellant] with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on." In her brief, the wife has failed to comply with Rule 28(a)(10). However,

> "[i]n certain circumstances, Alabama courts have analyzed the merits of a claim despite a party's noncompliance with Rule 28(a), Ala. R. App. P. Kirksey v. Roberts, 613 So. 2d 352, 353 (Ala. 1993) (when 'we are able to adequately discern the issue [the appellant] presents, in spite of his failure to present authorities in support of his claim, we will not affirm merely because of a technicality') .... Therefore, we will exercise our discretion and consider [the seller's]

8

petition. Dubose v. Dubose, 964 So. 2d 42, 46 n.5 (Ala. Civ. App. 2007) ('[T]his court may choose to affirm a case on the basis of Rule 28[, Ala. R. App. P.,] when an appellant's brief fails to comply with the rule, but this court is by no means required to do so.' (emphasis omitted) (citing Kirksey, 613 So. 2d at 353))."

Ex parte Cleghorn, 993 So. 2d 462, 466 (Ala. 2008).

Here, because the child's child-support needs are involved, we will exercise our discretion to consider the argument despite the wife's noncompliance with Rule 28.

At the trial, the husband testified that he owns J&J Concrete and that that business is his only source of income. His 2021 federal income-tax return was entered into evidence; that return reported business income in the amount of $43,769. The husband testified, though, that he had worked some "side jobs" and had been paid in cash. According to the husband, by working those "side jobs," he had been able to pay bills and to give his wife and an adult son a combined $2,600 every two weeks, which equates to approximately $67,000 per year. Bank records from one of the husband's bank accounts show that the husband made deposits of at least $49,410 into that account over a five-month period (December 2022 through May 2023). The husband's attorney stipulated that the husband had commingled his personal and business accounts.

Rule 32(B)(2)(a) defines "gross income" as "income <u>from any source</u>, and includes, but is not limited to, salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, annuities, capital gains, Social Security benefits, veteran's benefits, workers' compensation benefits, unemployment-insurance benefits, disability-insurance benefits, gifts, prizes, and preexisting periodic alimony." (Emphasis added.) "This court has held that 'the trial court must take into account <u>all sources of income</u> of the parents when computing support obligations' and that '[t]he trial court has no discretion' to ignore sources of income when computing a parent's child-support obligation." <u>Wellborn v. Wellborn</u>, 100 So. 3d 1122, 1128 (Ala. Civ. App. 2012) (reversing and remanding child-support determination where the trial court failed to consider all sources of income) (quoting <u>Massey v. Massey</u>, 706 So. 2d 1272, 1274 (Ala. Civ. App. 1997)) (emphasis in <u>Wellborn</u>).

Here, based on the amount of the child-support award, it appears that the trial court did not consider the husband's income from his "side jobs" when calculating the husband's child-support obligation. Specifically, on the Form CS-42 prepared by the trial court, the trial court entered the amount of $3,666 for the husband's monthly adjusted gross

income and stated that it had relied upon the husband's 2021 federal income-tax return. However, as previously stated, the husband admitted to working "side jobs" for cash, and the evidence indicates that the husband was able to transfer approximately $67,000 per year to the wife and an adult son. Because the judgment did not consider the husband's income from all sources, we reverse the trial court's judgment with respect to its child-support award, and we remand this case for the trial court to reconsider its child-support award in light of this opinion.

With respect to the wife's argument concerning medical insurance, the wife has failed to cite <u>any</u> legal authority. However, as before, we can adequately discern the basis of the wife's argument, so we will address it.

Rule 32(A)(4), Ala. R. Jud. Admin., provides:

"All orders establishing or modifying child support <u>shall</u>, <u>at a minimum</u>, provide for the children's health-care needs through private or public health-care coverage <u>and/or cash medical support</u>. Normally, health-care coverage for the children should be required if it is available to either parent through his or her employment or pursuant to any other plan at a reasonable cost and is accessible to the children."

(Emphasis added.)

In this case, the husband's Form CS-41 indicated that the child was covered by Medicaid, but the wife's Form CS-41 indicated that the child was not covered by health-care insurance. At the trial, the wife testified that the child was not covered by health-care insurance. The judgment provided, in pertinent part:

"27. The [husband] shall pay any necessary and reasonable non-covered medical, prescription, dental, orthodontic, optical expenses, hospital, or other reasonable and necessary medical expenses which are incurred on behalf of the parties' minor child, and which are not paid by medical insurance coverage.

"28. The [wife] shall be responsible for providing the [husband] with a copy of any medical bills showing the amount due after payment by insurance within thirty (30) days of her receipt of said bill and the [husband] shall reimburse the non-covered amount within thirty (30) days from his receipt of said notice."

The trial court's judgment did not specify that the child is to be covered by health-care insurance but implied that the child is to be covered because it designated how the "non-covered medical expenses" of the child would be paid. This provision is for "cash medical support" as allowed by Rule 32(A)(4). The judgment is silent however, as to the source of the coverage to which it alludes. The judgment's silence as to the source of the coverage creates an ambiguity that the trial court should

12

resolve at the first instance. Therefore, on remand, the trial court should clarify its provision for health-care coverage in light of Rule 32(A)(4).

## Conclusion

Based on the foregoing, the judgment is reversed, and the case is remanded for the trial court to enter a judgment in accordance with this opinion.

CL-2023-0584 -- REVERSED AND REMANDED WITH INSTRUCTIONS.

CL-2023-0716 -- REVERSED AND REMANDED WITH INSTRUCTIONS.

Moore, P.J., and Edwards, Hanson, and Fridy, JJ., concur.