Rel: December 6, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

## CL-2024-0205

_____

## Risa Davis Perry

### v.

## John Wayne Perry

## Appeal from Baldwin Circuit Court
## (DR-21-901116)

LEWIS, Judge.

Risa Davis Perry ("the wife") appeals from a judgment entered by the Baldwin Circuit Court ("the trial court") divorcing her from John Wayne Perry ("the husband"). We affirm the trial court's judgment in part, reverse it in part, and remand the cause with instructions.

Procedural History

On September 3, 2021, the wife filed a complaint in the trial court seeking a divorce from the husband. The trial court entered a pretrial order on September 7, 2021. That order sought to preserve the status quo and provided, in part:

> "Apart from reasonable and necessary expenditures of funds in order to pay the regular recurring expenses of the parties without PRIOR permission of th[is] Court, the parties SHALL NOT: (1) dissipate, encumber, sell, transfer, conceal, destroy, or dispose of assets presently in their control, nor shall they permit the same to occur; (2) make withdrawals from or liquidate any account with a financial institution including but not limited [to] checking, savings, money markets, or CDs; (3) incur any debt …."

(Capitalization in original.)

On November 2, 2021, the trial court reiterated in an order "that all spending must be limited to reasonable and necessary expenses only during this litigation." There were multiple motions for contempt filed, and the trial on the divorce action was held over multiple days. On November 14, 2023, the trial court entered a judgment that, among other things, divorced the parties, divided the parties' property, and awarded alimony. That judgment stated, in pertinent part:

> "1. That the bonds of matrimony previously existing between the [wife] and [the husband] are dissolved and that

2

they are forever divorced from each other on the grounds of incompatibility of temperament and irreconcilable differences.

"....

"3. [The wife] is found to be in contempt of court for violating th[is] Court's prior Order with regard to excessive spending during the pending litigation.

"....

"16. [The husband] shall pay to [the wife] $5,000.00 per month as alimony as long as [the husband] is working full-time at Kimberly-Clark. Upon [the husband's] retirement from Kimberly-Clark, [the wife] will then begin to receive one-half (1/2) of [the husband's] pension as stated in paragraph 17, infra.

"Th[is] Court specifically finds that rehabilitative alimony is not feasible based on [the wife's] age and her health issues.

"Based on [the wife's] age, her health issues and her recent work history, th[is] Court finds that [the wife] has an inability to earn adequately to preserve or sustain the economic status quo of the parties as it existed during the marriage. Therefore, it is ordered that the aforestated $5,000.00 per month is permanent periodic alimony. Said award is being made considering the parties' own individual assets; the marital property being awarded; the liability that shall be addressed in this Order; each party's wage-earning capacity; and, again, taking into account both parties' age; health; education; work experience; the current economic condition; and the economic status quo of the parties as it existed during the marriage.

3

"17. When [the husband] begins to draw his pension from Kimberly-Clark, after his retirement, [the wife] and [the husband] shall equally divide said pension. [The wife] shall receive fifty percent (50%) of said pension through a Qualified Domestic Relations Order. Therefore [the wife] shall be responsible for the taxes on the amount of said pension she receives, and [the husband] shall be responsible for the taxes on the amount of said pension he receives.

"18. [The husband] is the owner of a 401(k) retirement account with Kimberly-Clark. [The wife] and [the husband] shall equally divide said 401(k) retirement account. [The husband] shall be awarded fifty percent (50%) of said 401(k) through the date of this Final Judgment of Divorce as opposed to September 3, 2021, which was the date of filing the complaint for divorce in this cause. Said award shall be paid through a Qualified Domestic Relations Order. Th[is] Court is making said order through the date of this Final Judgment of Divorce based on the fault grounds of adultery and giving [the wife] those additional funds for her retirement.

"19. [The wife] and [the husband] shall equally divide any future bonuses received by [the husband] until [the husband] retires from Kimberly-Clark.

"20. [The husband] has several life insurance policies through Kimberly-Clark. Until said policies expire or Kimberly-Clark no longer provides said life insurance policies, [the husband] shall name [the wife] as beneficiary on said policies until said policies expire or are no longer available to [the husband] once [the husband] retires, whichever one comes first.

"....

"24. Based on the contempt of [the wife] because of the expenditures made by [the wife], [the wife] shall pay the credit

card debt in full, including Comenity and the loan from American Express.

"25. Because of the contempt of [the wife], attorney for [the husband] shall file an affidavit stating the portion of attorney's fees incurred relative to the contempt matters.

"26. Because of the adultery of [the husband], [the husband] shall pay [the wife's] legal fees, less and except those that surround expenditures relative to the contempt and payments made through the debts and anything related to that. Any legal fees that [the husband] has paid indirectly, because of payments he has made during this litigation will need to be subtracted from the amount [the husband] is to pay. Indirect payments would refer to charges that were on credit cards or bank accounts that were joint. So, for instance, cash pulled off of American Express; cash put in a safe; cash deposited in [an account with] PNC; cash that was given to [the attorney for the wife] or PNC money given to [the attorney for the wife]. Payments that originated off of the American Express, which [the wife] has been ordered to pay. Therefore, [the husband] shall receive credit for any attorney fees payments he has actually already paid.

"….

"30. Any relief requested by either party and not specifically awarded in this Final Judgment of Divorce is hereby denied."

On November 15, 2023, the husband's attorney filed an affidavit as directed in paragraph 25 of the divorce judgment. The next day, the wife's attorney filed an attorney-fee declaration. On November 22, 2023, the husband filed a response to the attorney-fee declaration, arguing that

the declaration was for fees in excess of those to which the wife testified at the trial.

On November 27, 2023, the husband filed a motion to appoint a real-estate agent for the purpose of selling the marital home. The husband also filed a motion seeking access to the marital home.

On December 7, 2023, the wife filed a motion to alter, amend, or vacate the divorce judgment. On December 14, 2023, the husband filed a motion to clarify the divorce judgment.

On January 30, 2024, the husband's attorney filed an exhibit to his previously filed attorney-fee affidavit. On February 20, 2024, the husband filed a motion requesting that the wife be ordered to vacate the marital home. A postjudgment hearing was held on January 22, 2024.

The wife filed her notice of appeal on March 20, 2024. On April 9, 2024, the trial court entered an order appointing a real-estate agent and denying the motion to clarify. The trial court also purported to enter an order denying the wife's motion to alter, amend, or vacate. However, that motion was denied by operation of law on March 6, 2024. See, e.g., Smith v. Smith, 4 So. 3d 1178, 1181 (Ala. Civ. App. 2008) ("Rule 59.1, Ala. R. Civ. P., provides that a postjudgment motion that remains pending for 90

days is deemed denied by operation of law, and the trial court loses jurisdiction to rule on that motion.").

Discussion

On appeal, the wife argues (1) that "[t]he trial court erred in not granting the parties' divorce on the fault basis of [the husband's] adultery," the wife's brief, p. 45; (2) that "[t]he trial court erred in holding [her] in contempt of court for paying necessary and regularly occurring expenses," the wife's brief, p. 51; and (3) that "[t]he trial court exceeded its discretion in forcing [the wife] from her home and not granting her reasonable alimony with which to maintain the marital standard of living." The wife's brief, p. 59.

I.

With respect to the wife's first argument – that the trial court erred by not granting the parties' divorce on the ground of adultery -- the trial court stated in the judgment that it had considered the husband's adultery in reaching its decision. Although the judgment also stated that the parties were divorced on "the grounds of incompatibility of temperament and irreconcilable differences," at a postjudgment hearing, the trial court explained that the judgment "said basically that I made

7

my finding based on adultery, so I think it clearly does." The trial court further stated: "I think … it's just logistics and a Scrivener's error I'm happy to [amend the judgment.] I don't think it changes one thing …." The trial court continued: "In several other paragraphs, I clearly direct that the Ruling in this case was made based on adultery." Based on the trial court's oral statements, as well as the language in the judgment clearly factoring in the husband's adultery, we conclude that the trial court did consider the husband's adultery in reaching its judgment, and any error in failing to explicitly list adultery as a ground for divorce was harmless. See Rule 45, Ala. R. App. P. Therefore, we will not reverse the trial court's judgment based on the wife's first argument.

## II.

The wife's second argument is that the trial court erred in finding her in contempt. She argues that her expenses were reasonable and necessary and not excessive.

> "'[W]hether a party is in contempt of court is a determination committed to the sound discretion of the trial court, and, absent an abuse of that discretion or unless the judgment of the trial court is unsupported by the evidence so as to be plainly and palpably wrong, this court will affirm.'"

8

Nave v. Nave, 942 So. 2d 372, 377 (Ala. Civ. App. 2005) (quoting Stack v. Stack, 646 So. 2d 51, 56 (Ala. Civ. App. 1994)).

The wife notes that the evidence indicated that the wife's expenses "included many joint marital debts and obligations as well as payments made for [the husband's] benefit." However, there was also evidence that the wife spent funds on multiple trips to visit family in which she stayed in hotels, bought gifts for family members, and paid expenses for the parties' adult son. The husband testified that, after he took $3,000 from the parties' account, and the mortgage and utilities were paid, the wife, who lived in the martial home during the pendency of the trial, was left with between $4,000 and $5,000 per month to spend. The husband noted that the wife charged $18,000 on a credit card issued by Comenity, a bank, from December 2022 through August 2023. The wife also took out a loan in the amount of $28,000 to pay off the parties' credit cards and to obtain approximately $11,000 in cash. The wife testified that she used the cash to pay her attorney's fees. Finally, the wife testified that she had also borrowed funds from a family member and a friend to pay her attorney's fees.

9

Although the evidence was disputed regarding whether the wife's expenses were excessive, considering the trial court's discretion in determining whether a party is in contempt of court, we cannot conclude that the trial court exceeded its discretion in determining that the wife's expenses were outside the bounds of reasonable and necessary or that "the judgment of the trial court is unsupported by the evidence so as to be plainly and palpably wrong." Nave, 942 So. 2d at 377. Therefore, the trial court's finding of contempt is affirmed.

## III.

Finally, the wife argues that the trial court's alimony award is insufficient and that the trial court erred by not awarding her the martial home. Section 30-2-57, Ala. Code 1975, which is titled "Rehabilitative or periodic alimony," provides, in pertinent part:

> "(a) Upon granting a divorce or legal separation, the court shall award either rehabilitative or periodic alimony as provided in subsection (b), if the court expressly finds all of the following:

>> "(1) A party lacks a separate estate or his or her separate estate is insufficient to enable the party to acquire the ability to preserve, to the extent possible, the economic status quo of the parties as it existed during the marriage.

"(2) The other party has the ability to supply those means without undue economic hardship.

"(3) The circumstances of the case make it equitable.

(Emphasis added.)  In Hernandez v. Rodriguez, [Ms. CL-2023-0584, Apr. 26, 2024] ___ So. 3d ___, ___ (Ala. Civ. App. 2024), this court reasoned:

"Although neither party specifically argues that the trial court erred by failing to make the express findings required by § 30-2-57(a) and (b), [Ala. Code 1975,] 'this court has reversed a trial court's judgment and remanded the case for it to enter ... mandated findings as to a judgment ... ex mero motu.' Merrick v. Merrick, 352 So. 3d 770, 775 (Ala. Civ. App. 2021) (citing Regions Bank v. Allen, 256 So. 3d 669, 671 (Ala. Civ. App. 2018)).

"Specifically, with respect to an award of alimony,

'in Merrick v. Merrick, 352 So. 3d 770 (Ala. Civ. App. 2021), this court discussed the application of Ala. Code 1975, § 30-2-57, stating: "The legislature has clearly required that an alimony award be either rehabilitative alimony or periodic alimony and that, to award either type of alimony, the trial court must make certain express findings ...." 352 So. 3d at 775. Those requirements include findings as to those matters discussed in § 30-2-57(a), Ala. Code 1975 ....'

"Lopez v. Rodriguez, 379 So. 3d 455, 461 (Ala. Civ. App. 2023).

"'The legislature has clearly directed that a trial court must make express findings as to the establishment of the basis for an alimony award and as to the specific type of alimony that is awarded.' Id. 'The general purpose of making

11

specific findings of fact is to allow the trial court "to carefully review the evidence and to perfect the issues for review on appeal."' White v. Jones, [Ms. CL-2023-0511, Feb. 16, 2024] ___ So. 3d ____, ____ (Ala. Civ. App. 2024) (quoting Ex parte Vaughn, 495 So. 2d 83, 87 (Ala. 1986))."

Hernandez, ___ So. 3d at ___.

In this case, although the trial court made express findings of fact, those findings do not conform to the requirements of § 30-2-57(a). Therefore, we reverse the trial court's judgment to the extent that it awarded alimony and remand the case to the trial court with instructions that it enter a new judgment in compliance with § 30-2-57. "'"In light of our reversal on the alimony issue …, we pretermit any discussion regarding the equity of the [division of the] marital property … because "[t]he issues of property division and alimony are interrelated, and they must be considered together on appeal."'" Hernandez, ___ So. 3d at ___ (quoting Lopez v. Rodriguez, 379 So. 3d 455, 462 (Ala. Civ. App. 2023), quoting in turn Turnbo v. Turnbo, 938 So. 2d 425, 430 (Ala. Civ. App. 2006)). Therefore, the trial court's judgment is reversed to the extent that it divided the marital property, and the trial court is directed to reconsider the division of marital property along with its determination of the alimony issue.

Conclusion

Based on the foregoing, the judgment is reversed to the extent that it divided the marital property and awarded alimony, and the case is remanded for the trial court to enter a judgment in accordance with this opinion. The judgment is affirmed in all other respects.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.

Moore, P.J., and Edwards, Hanson, and Fridy, JJ., concur.